IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Hon. Terry GUAY, Municipal Judge.

Supreme Court

*No. 80–1002–J. Filed March 31, 1981.*
(Also reported in 303 N.W.2d 669.)

*PER CURIAM. Judicial disciplinary proceeding; municipal judge reprimanded.*

This is a review of the findings of fact, conclusions of law and recommendations made by the judicial conduct panel following its hearing on the formal complaint brought by the judicial commission against the Honorable Terry Guay, municipal judge for the city of Peshtigo and respondent herein.

On October 1, 1979, the judicial commission notified the respondent that it was investigating his possible misconduct pursuant to the authority granted it under sec. 757.85, Stats. Respondent was informed of the substance of the allegations against him on October 15, 1979 and again on May 22, 1980, and was given the opportunity to respond both orally and in writing. Respondent chose not to appear before the judicial commission in person but responded in writing to the substance of the allegations contained in the complaint. Following the taking of the respondent's deposition pursuant to subpoena on April 3, 1980, the judicial commission determined that there was probable cause to believe that the respondent had engaged in misconduct and filed a formal complaint with this court on June 4, 1980.

On June 4, 1980, this court ordered the chief judge of the court of appeals to select a judicial conduct panel and refer the matter to the panel for proceedings in accordance with the provisions of sec. 757.89, Stats. A panel was convened and, following a scheduling conference, a

formal hearing on the allegations contained in the complaint was held on September 15, 1980. No testimony was presented at that hearing, but the parties presented a written agreed statement of facts, stipulated to several additional facts and presented oral arguments.

The judicial conduct panel filed its report with the court on November 25, 1980, in which it made findings of fact and conclusions of law. It found that during the late summer or early autumn of 1977, the Peshtigo municipal court received in one transmittal from the Marinette municipal court six traffic cases involving the same individual. The respondent found the accused guilty in each of the six cases, although the respondent was unable to produce court records from the Peshtigo municipal court with regard to the disposition of one of them. Two of the cases resulted in sentences of preparation of a written paper and attendance at traffic safety school, and the respondent acknowledged that he did not adequately supervise the cases to see that the sentences were carried out and, therefore, did not finally dispose of them until on or about July 12, 1979, at which time he returned the bonds to the Marinette municipal court and reported the convictions to the Wisconsin Department of Transportation. In the remaining four cases the respondent found the accused guilty and sentenced him in December, 1977. He disposed of these cases when he returned the bonds to the Marinette municipal court in one check written on December 31, 1977. In June of 1979, the respondent was advised that the check had been lost, and he arranged to have a stop payment order issued on that check but did not write a replacement check until December 31, 1979.

The respondent did not report any of the six convictions to the Wisconsin Department of Transportation within forty-eight hours, as required by sec. 345.48, Stats.; in four of the cases the respondent failed to report

the convictions to the Wisconsin Department of Transportation at any time as required by sec. 343.28, although he reported them to the Marinette municipal court on December 31, 1977. The respondent admitted that he was in error in failing to timely report the two convictions and in reporting the four convictions to the Marinette municipal court rather than to the Wisconsin Department of Transportation. The judicial conduct panel found, pursuant to the agreed statement of facts, that "At all times material to the complaint herein, Respondent had no office, staff, or storage facility, and he had an inadequate system for proper record keeping and the timely handling of matters for which he was responsible."

The panel concluded that the respondent knew or should have known that his conduct with regard to the traffic cases failed to comply with two of the standards contained in the Wisconsin Code of Judicial Ethics, SCR 60.01(1) and (4),[1] but it found that in the absence of specific evidence concerning other cases transferred from Marinette municipal court to Peshtigo municipal court and evidence concerning cases originating in the Peshtigo municipal court, the respondent's failure to comply with the standards was not aggravated or persistent and did not constitute misconduct as defined in sec. 757.81(4)

---

[1] "SCR 60.01 Standards. (1) A judge should be mindful that ours is a government of law and not of men and should not permit his or her personal concept of justice to override the law. A judge should administer his or her office with due regard to the integrity of the system of law itself, remembering that he or she is not a repository of arbitrary power but a judge under the sanction of law.

"(4) A judge should be prompt in the performance of his or her duties, recognizing that the time of litigants, jurors, witnesses and attorneys is of value. A judge should organize his or her court and supervise the personnel under his or her charge so that the business of the court is dispatched with promptness and convenience."

(a), Stats.[2] Likewise, the panel found that the respondent failed to perform official duties required of him by secs. 343.28 and 345.48, but found that it was neither wilful nor persistent and, therefore, did not constitute misconduct as defined in sec. 757.81(4)(b).

The judicial conduct panel also found that the respondent failed to file a report of his assets and liabilities with the Wisconsin Ethics Board by April 30, 1980, as required by SCR 60.18 (1980). The panel found that the respondent knew or should have known that his failure to file the financial disclosure violated SCR 60.18 and that the violation was wilful, and it concluded that this constituted misconduct pursuant to sec. 757.81(4)(a), Stats.

The panel recommended that the respondent be ordered to file the financial report required by SCR 60.18 with the Wisconsin Ethics Board within 10 days. In the event of the respondent's failure to do so, the panel recommended that the respondent be removed from office. The panel also recommended that all other charges in the complaint be dismissed.

We find that the panel's findings are not against the great weight and clear preponderance of the evidence, and we affirm them. However, with respect to the panel's recommendation for discipline for the respondent's failure to file the financial disclosure, we determine that the appropriate discipline for such misconduct requires more than our extending the time to file to a period 10 days from our order. The requirements for judges, including municipal judges, to file a financial report of assets and liabilities by April 30 of each year is a rule of this court, and a wilful violation of that rule is a serious matter.

---

[2] SCR 60.17 provides: "An aggravated and persistent failure to comply with the standards of SCR 60.01 is a rule violation."

We modify the panel's recommendation and reprimand the Honorable Terry Guay for his violation of SCR 60.18. We order that within 10 days of the date of this order he file the required financial report of assets and liabilities as per December 31, 1979 with the Wisconsin Ethics Board. In the event of his failure to do so, the Honorable Terry Guay shall be removed from the office of municipal judge for the city of Peshtigo forthwith.