# IN the MATTER of JUDICIAL DISCIPLINARY PROCEEDINGS AGAINST James F. PRESSENTIN, Municipal Judge.

Supreme Court

*No. 86–1136–J. Submitted on briefs May 29, 1987.—Decided June 16, 1987.*

(Also reported in 406 N.W.2d 779.)

150

For the Wisconsin Judicial Commission there was a brief by *Elena A. Cappella,* executive director, Madison.

For the respondent there was a brief by *James F. Pressentin,* Green Bay.

PER CURIAM. *Judicial disciplinary proceeding; discipline imposed.*

The judicial conduct panel recommended that James F. Pressentin, municipal judge for the Village (formerly, Town) of Allouez, be suspended from the office of municipal judge for a period of six months as discipline for misconduct consisting of his having sought election to nonjudicial elective office without first resigning his judicial office, in violation of the Code of Judicial Ethics, SCR 60.05.[1] Judge Pressentin contended

---

[1]Supreme Court Rule 60.05 provides: "**Candidate for office.**

that his violation of SCR 60.05 was not willful because initially he was unaware of the rule proscribing such conduct and because, after he learned of the rule, his continuing to be a candidate without resigning as municipal judge constituted a legitimate challenge to the rule. Judge Pressentin also argued that the rule was unfair because it applied only to judicial office holders, not to other public officials. The judicial conduct panel rejected those arguments and concluded that Judge Pressentin willfully violated SCR 60.05, thereby engaging in judicial misconduct, as defined in sec. 757.81(4)(a), Stats.[2]

The facts in this proceeding were not disputed, and we accept the panel's findings thereon. We also accept its conclusions of law. On the basis of those findings and conclusions, we determine, as the panel has recommended, that a six-month suspension from the office of municipal judge is appropriate discipline for Judge Pressentin's misconduct. In making that determination, we consider, as the panel did, mitigating circumstances discussed below.

The facts in this matter are these. On January 3, 1986, while holding office of municipal judge for the Village of Allouez, Judge Pressentin filed nomination

[2]Section 757.81(4), Stats., provides: "'Misconduct' includes any of the following:

(a)   Wilful violation of a rule of the code of judicial ethics.

(b)   Wilful or persistent failure to perform official duties.

(c)   Habitual intemperance, due to consumption of intoxicating beverages or use of dangerous drugs, which interferes with the proper performance of judicial duties.

(d)   Conviction of a felony."

papers in the election for the office of Brown county supervisor and campaigned for that office. On February 10, 1986 an attorney working in this court's Office of Judicial Education wrote to Judge Pressentin concerning his candidacy, referring him to Supreme Court Rule 60.04, which prohibits a judge from holding any office of public trust except a judicial office during the term for which elected or appointed, and SCR 60.05, which prohibits a judge from becoming a candidate for nonjudicial elective office without first resigning his or her judgeship. These rules are applicable to municipal judges by virtue of SCR 60.19(2).

Judge Pressentin responded to that letter by telephone, informing the attorney that he did not believe those rules applied to him. The attorney told him that the rules did apply and that he could discuss the matter further with the executive director of the Judicial Commission.

The executive director of the Judicial Commission telephoned Judge Pressentin several times on February 13, 1986, but he did not return the calls. On February 25, 1986, the Judicial Commission gave Judge Pressentin written notice that cause had been found to proceed against him for a violation of the Supreme Court Rules. Judge Pressentin responded in writing to the Judicial Commission and appeared before it.

Throughout the election campaign Judge Pressentin neither removed himself as a candidate nor resigned his office of municipal judge. The election was held April 1, 1986; Judge Pressentin was not elected to the nonjudicial office.

The Judicial Commission filed a disciplinary complaint with the court, and the court referred it to a judicial conduct panel, which consisted of the Hons.

Ted E. Wedemeyer, Jr., Charles P. Dykman and Neal P. Nettesheim. In the subsequent judicial disciplinary proceeding before the panel, Judge Pressentin argued, first, that his violation of SCR 60.05 before he became aware of the rule's existence was not willful and, second, that he should not be disciplined for having continued to run for office after being informed of the rule because he was legitimately testing a legal issue, namely, whether the rule should apply to municipal judges. Judge Pressentin also suggested there was a fairness issue, namely, that a judge is required to resign his or her office prior to becoming a candidate for nonjudicial office, while other public officials are not required to do likewise.

The judicial conduct panel rejected these arguments. First, it concluded that, whether or not Judge Pressentin actually knew of the existence of SCR 60.05, the rule has been in effect since 1968, before Judge Pressentin became a municipal judge on April 1, 1969. In the panel's words, "He knew or should have known about the rule." Moreover, the panel considered that, in the context of judicial disciplinary proceedings, the term "willful" is construed to mean that an act was the result of the actor's free will and not as a result of duress or coercion. Thus, the panel concluded, whether Judge Pressentin in fact knew of the rule when he violated it is irrelevant to the willfulness issue.

In response to the argument that Judge Pressentin was legitimately testing the applicability of the rule, the panel concluded that, if that was his intention, he could have and should have commenced an action for an injunction against enforcement of the rule or for declaratory judgment that the rule was invalid or did not apply to him, rather than violate the

rule and run the risk of incurring disciplinary sanction. The panel also rejected the unfairness argument, what it termed an equal protection issue, pointing out that judicial office has characteristics peculiar to it and that the state has a legitimate purpose in preserving the integrity of judicial office. The panel found that the resign-to-run rule has a rational relationship to that legitimate state purpose.

In determining the discipline to be recommended, the panel considered in mitigation of the seriousness of Judge Pressentin's misconduct the following: Judge Pressentin's campaign literature did not identify him as a municipal judge, he did not preside over any cases in municipal court during the campaign and, with the exception of this proceeding, he has had an "unblemished" record as municipal judge for over 17 years. Accordingly, the panel recommended that the court impose a six-month suspension from office as discipline for Judge Pressentin's misconduct.

■ The judicial conduct panel correctly concluded that Judge Pressentin's violation of SCR 60.05 was willful, whether or not he had actual knowledge of the rule's prohibition, for the reason that, as a municipal judge, he was chargeable with the knowledge of the ethical rules governing municipal judges in Wisconsin. *Disciplinary Proceedings Against Guay,* 101 Wis. 2d 171, 303 N.W.2d 669 (1981). Judge Pressentin has been a municipal judge for more than 17 years, throughout which time the prohibition of a judge's running for nonjudicial elective office without first resigning the judgeship was a part of the Code of Judicial Ethics.

The panel was also correct in rejecting Judge Pressentin's contention that his continuing to campaign for the office of county supervisor after he was made aware of the SCR 60.05 prohibition was a legitimate challenge to the rule, thereby preventing his violation of the rule from being willful. Judge Pressentin had other means available to challenge the rule, for example, by seeking an injunction against enforcement of the rule or declaratory judgment with respect to the rule's validity or applicability, but he deliberately elected to violate the rule by continuing his campaign without resigning judicial office.

We find it unnecessary to address the constitutional equal protection argument decided by the panel, as that argument was not specifically raised by Judge Pressentin nor argued by him in his brief to this court.

We now consider what constitutes appropriate discipline for Judge Pressentin's misconduct. The Judicial Commission argued that the only appropriate discipline for Judge Pressentin's violation of the resign-to-run rule is removal from office, contending that, if he is not removed from office, Judge Pressentin will be allowed to retain what the rule required him to have surrendered, that is, his judicial office. Because the rule required him to resign that office before running for the office of county supervisor, the Judicial Commission argued that a sanction for his violation of that rule should have the same effect. Further, the Judicial Commission asserted that anything less than removal from office will encourage others to violate the rule, thereby threatening the important interests the rule is intended to serve, and

will lessen any deterrence the rule's enforcement should promote.

For his part, Judge Pressentin contended that a suspension or removal from office is too severe discipline for the reason that the public has not been injured by his conduct, that there is no deterrent effect to be served because it is doubtful many members of the judiciary are awaiting the determination of this proceeding to decide whether to seek nonjudicial office without resigning their judicial office and that his violation of the ethical rules has not "cast aspersions against the judicial system or demonstrated a lack of impartiality in its operation." Judge Pressentin asserted that a reprimand is appropriate discipline under the circumstances.

■ Considering the circumstances of this case, including the mitigating factors considered by the judicial conduct panel, we determine that a six-month suspension from judicial office is appropriate discipline for Judge Pressentin's violation of SCR 60.05. Notwithstanding the seriousness of the violation, we are persuaded that the circumstances warrant discipline less severe than removal from office. The mitigating factors demonstrate that Judge Pressentin did not use his judicial office in the campaign for county supervisor. While his conduct might have raised questions with respect to his impartiality as a municipal judge in those who knew he was a municipal judge campaigning for nonjudicial office, it does not appear that his campaign conduct was such as to reflect adversely on the impartiality of the judiciary or the judicial system generally.

As discipline for his having run for nonjudicial elective office without first resigning his judicial

office, in violation of SCR 60.05, it is ordered that James F. Pressentin is suspended from the office of municipal judge for the Village of Allouez, Brown county, Wisconsin, and prohibited from exercising any of the powers or duties of a municipal judge in Wisconsin for a period of six months, commencing July 1, 1987. During that suspension, James F. Pressentin is not entitled to compensation as municipal judge.