STATE of Wisconsin, Plaintiff-Respondent,

v.

John E. CARVIOU, Defendant-Appellant.†

Court of Appeals

*No. 89-1969-CR. Submitted on briefs January 17, 1990.—Decided February 6, 1990.*

(Also reported in 454 N.W.2d 562.)

† Petition to review denied.

For defendant-appellant there were briefs submitted by *Michael E. Rudolph* of *Robinson, Robinson, Peterson, Berk, Rudolph, Cross & Garde* of Appleton.

For plaintiff-respondent there was a brief submitted by *Donald J. Hanaway* attorney general, and *James H. McDermott,* assistant attorney general.
Before Cane, P.J., LaRocque and Myse, JJ.

CANE, P.J.   John Carviou appeals an order of Judge Harold Froehlich, the chief judge for the eighth judicial district, refusing to order the recusal of Reserve Judge Timothy Vocke in this case. Carviou asked for recusal on the grounds that Vocke was serving as a special prosecutor at the same time he was serving as a reserve judge, creating a conflict, or apparent conflict, of interest. We hold that no mechanism exists for a district's chief judge to decide this type of motion, and that a motion for recusal must be decided by the judge to whom it is addressed. Judge Froehlich's order is therefore reversed. We do not reach the issue of whether Vocke, acting simultaneously as a special prosecutor and a reserve judge in criminal cases, violates SCR 60.04 or SCR 60.01(3). A violation of the Code of Judicial Ethics is not grounds for recusal under sec. 757.19(2), Stats. We remand the case to Judge Vocke to allow him to determine if there exists any appearance of partiality in his serving as judge in this matter.

Carviou is charged with homicide by intoxicated use of a motor vehicle in Marinette County. Because the defendant requested a substitution for the original trial judge, Judge Vocke was assigned to the case. Carviou moved for Vocke to recuse himself, based on Vocke's assignment as special prosecutor in another active criminal case. Vocke decided that the motion should appropriately be ruled on by the district's chief judge, and neither party objected.

Judge Froehlich declined to order Vocke's recusal, finding that the supreme court rule against holding two

offices was inapplicable and that a strict reading of the rule could sharply cut into the supply of reserve judges. Since no bias or prejudice had been shown, he ruled it was appropriate for Vocke to continue to act as reserve judge in this case.

The first issue is whether a district's chief judge has the authority to determine whether a trial judge must recuse himself. Although we understand the purpose of having a neutral party rule on the dispute, it was inappropriate for Judge Froehlich to decide the motion. Section 757.19(2), Stats., mandates that the trial judge recuse himself in certain situations. There is no mechanism for allowing another judge to rule on the matter. Although the parties did not object to Judge Froehlich deciding the motion, they cannot confer jurisdiction when none exists. *See, e.g., State ex rel. Teaching Assts. Assoc. v. University of Wisconsin-Madison,* 96 Wis. 2d 492, 507, 292 N.W.2d 657, 664 (Ct. App. 1980). Therefore, the order is reversed.

Although Carviou argues that Vocke's dual roles violate SCR 60.04[1] and SCR 60.01(3),[2] we need not address this issue. Our supreme court has decided that even when a judge commits ethical violations by presiding over a case, his actions do not constitute grounds for recusal. *State v. American TV & Appliance,* 151 Wis. 2d 175, 443 N.W.2d 662 (1989). [3] We are bound by applicable supreme court precedent regardless of the extent of

---

[1]SCR 60.04 provides: "A judge shall not hold any office of public trust except a judicial office during the term for which he or she is elected or appointed."

[2]SCR 60.01(3) provides in part: "A judge should administer the law free of partiality and the appearance of partiality."

[3]Ethical violations may, however, be grounds for sanctions.

our agreement, or our disagreement, with it. *Professional Office Bldgs., Inc. v. Royal Indem. Co.,* 145 Wis. 2d 573, 581, 427 N.W.2d 427, 430 (Ct. App. 1988).

The situations under which a judge is legally required to recuse himself are discussed in sec. 757.19(2), Stats. Section 757.19(2) provides in part: "(2) Any judge shall disqualify himself or herself from any civil or criminal action or proceeding when one of the following situations occurs: . . . (g) When a judge determines that, for any reason, he or she cannot, or it appears he or she cannot, act in an impartial manner."

Although one might reasonably conclude that whether it "appears" a judge can act in an impartial manner is an objective test, our supreme court has held that the standard for recusal in sec. 757.19(2)(g) is solely subjective. In *American TV* it stated:

> Because *Asfoor*[4] and *Walberg*[5] determined recusal issues under the Code of Judicial Ethics, they are not applicable here. The Code of Judicial Ethics governs the ethical conduct of judges; it has no effect on their legal qualification or disqualification to act and a judge may be disciplined for conduct that would not have required disqualification under sec. 757.19, Stats. In some instances the Code measures judicial conduct by an objective standard, as in the provision that a judge should administer the law free of "the appearance of partiality," and a judge may be disciplined for violating such standard, even though subjectively the judge had determined there was no ethical violation.

*See In re Pressentin,* 139 Wis. 2d 150, 157-58, 406 N.W.2d 779, 782 (1987).

[4]*State v. Asfoor,* 75 Wis. 2d 411, 249 N.W.2d 529 (1977).

[5]*State v. Walberg,* 109 Wis. 2d 96, 325 N.W.2d 687 (1982).

> The standard by which to measure the basis for disqualification under sec. 757.19(2), Stats., is evident. The situations requiring disqualification under subs. (a) through (f) are objectively measurable. However, in sub. (g), because the basis for disqualification is subjective, requiring the judge's determination of an actual or apparent inability to act impartially, there is no standard to apply on review other than an objective one limited to establishing whether the judge made a determination requiring disqualification.

*American TV*, 151 Wis. 2d at 185–86, 443 N.W.2d at 666. Thus, once a trial judge determines that there is no partiality or appearance of partiality under sec. 757.19(2)(g), his decision on that matter is reviewable only to establish whether the trial judge himself made a determination requiring recusal and failed to heed his own finding.[6]

Judge Vocke has determined that he is not biased in this case. However, he has not yet decided whether an appearance of partiality exists under sec. 757.19(2)(g), Stats. We therefore reverse Judge Froehlich's order and remand the case for Judge Vocke's determination of whether there is an appearance of partiality in his serving simultaneously as special prosecutor and reserve judge in criminal cases.

---

[6]On appeal following trial, it is possible to raise the argument that the judge's bias was so extreme that it constituted a constitutional due process violation. *Margoles v. Johns*, 660 F.2d 291, 296 (7th Cir. 1981). This applies only to actual partiality on the part of the judge and not to the mere appearance of partiality.

*By the Court.*—Judgment reversed and cause remanded.