STATE of Wisconsin, Plaintiff-Respondent,

v.

Abraham MCKINNEY, Jr., Defendant-Appellant.†

Court of Appeals

*No. 91–1582–CR. Submitted on briefs January 14, 1992.—Decided March 31, 1992.*

(Also reported in 483 N.W.2d 595.)

† Petition to review denied.

For the defendant-appellant the cause was submitted on the briefs of *Louis B. Butler, Jr.* and *Maria L.N. Alderink,* assistant state public defenders, of Milwaukee.

For the plaintiff-respondent the cause was submitted on the briefs of *James E. Doyle,* attorney general and *William L. Gansner,* assistant attorney general.

Before Moser, P.J., Sullivan and Fine, JJ.

MOSER, P.J.    Abraham McKinney, Jr. (McKinney) appeals from the judgment of the circuit court, entered after his guilty plea, and conviction for the felony offense of one count of felon in possession of a firearm in violation of sec. 941.29(2), Stats. He was sentenced to six months in the House of Correction with a sentence credit of 147 days for presentence incarceration. We affirm.

On January 4, 1989, McKinney was convicted of one count of felon with a firearm in violation of sec. 941.29(2), Stats., and was placed on probation for two years. On October 23, 1990, McKinney appeared before his probation officer, Jerri Johnson, for a scheduled appointment. Johnson had the Wisconsin Capitol Police[1] present because she had been informed by a per-

---

[1]The Wisconsin Capitol Police provide security in state office buildings throughout Wisconsin.

son purporting to be McKinney's girlfriend that when McKinney drove his automobile, he had two firearms in his possession—one of which he often held in his hand while driving. On Johnson's order, they handcuffed McKinney and searched him. No weapons were found on his person, so the handcuffs were immediately taken off. Agent Johnson then asked McKinney if the capitol police could search his automobile. McKinney said he did not object, handed the keys to his automobile to the capitol police, and told them what the car looked like and where it was parked. The capitol police searched the automobile and found two hand weapons—one in a glove compartment and one in the trunk. As a result, Agent Johnson had McKinney placed in custody for probation violation and taken to the Milwaukee County House of Correction, pending a probation revocation hearing.

Later that day, after McKinney had been jailed, Milwaukee Police Officer Monte Cahn was called to the probation office and advised that McKinney had been arrested because he had two weapons in his vehicle and was a felon. Cahn was given the weapons. On Cahn's return to his police station, he filled out a "clearance for arrest" form on McKinney, which was presented to Assistant District Attorney David Feiss on October 25, 1990. Feiss did not get an arrest warrant on the new charge, felon in possession of a weapon in violation of sec. 941.29(2), Stats., out and served on McKinney until November 6, 1990. The arrest warrant was returned before the trial court on November 7.

McKinney filed two motions in the trial court. One claimed that the trial court had no jurisdiction over his person as the arrest warrant was returned because the police and district attorney violated the mandates of sec. 970.01(1) and (2), Stats. The second motion was to sup-

352

press evidence,[2] which he claimed was obtained as the result of an illegal search in violation of the Fourth Amendment to the United States Constitution.

The trial court denied the jurisdictional motion on the basis that McKinney was arrested for the new felon with a weapon charge on November 6, and was timely brought before the court on November 7. The trial court rejected McKinney's argument that because the State took him into custody on October 23 for probation revocation, the district attorney should have had him arrested on that same day, when the police authorities became aware of the probation revocation hold. The trial court also denied suppression of the gun evidence on the basis of illegal search because McKinney consented to the search. Thereupon, McKinney pleaded guilty to the charge, was convicted and sentenced. McKinney raises the same two issues on appeal.

█

Section 970.01(1) and (2), Stats., in pertinent part, provide as follows:

> **970.01   Initial appearance before a judge. (1)** Any person who is arrested shall be taken within a reasonable time before a judge in the county in which the offense was alleged to have been committed . . ..
>
> **(2)**   When a person is arrested without a warrant and brought before a judge, a complaint shall be filed forthwith.

It is the duty of the state to take a person arrested without a warrant before a magistrate without unreasonable delay.[3] The right to be brought before a judge within

---

[2]The evidence in question was McKinney's weapons.

[3]*Schoette v. Drake,* 139 Wis. 18, 21, 120 N.W. 393, 395 (1909); *see also Wagner v. State,* 89 Wis. 2d 70, 75, 277 N.W.2d 849, 851 (1979).

a reasonable time is a due process right under art. I, sec. 8 of the Wisconsin Constitution.[4] If the state has a person in custody for a specific crime, it cannot unreasonably detain that person in custody and delay issuing the warrant for arrest, thus creating further delay in bringing the arrested person before a court. Such actions constitute a deprivation of liberty without due process of law and violate the Fourteenth Amendment to the United States Constitution.[5] However, there was no violation of due process here, since McKinney was arrested on a warrant issued on November 6, 1990, for the crime of felon in possession of a firearm, and brought before a judge November 7.

Prior to October 23, McKinney's status in our society was that of probation, i.e., he was in the custody of the Department of Corrections and subject to its control.[6] The Department may take a probationer into physical custody to investigate whether he or she has violated the terms of probation, or to determine whether probation-revocation proceedings should be instituted.[7] As noted, McKinney was taken into physical custody by the Department on October 23.

A criminal prosecution is commenced by the filing of a charging document: a criminal complaint; an information, if the defendant is a corporation; or an indictment.[8] Action under Wis. Adm. Code sec. DOC 328.22(2)

---

[4]*Phillips v. State,* 29 Wis. 2d 521, 536, 139 N.W.2d 41, 47–48 (1966).

[5]*State ex rel. Van Ermen v. Burke,* 30 Wis. 2d 324, 337–38, 140 N.W.2d 737, 743–44 (1966).

[6]Sections 973.10(1) and 967.02(2), Stats.

[7]Wis. Adm. Code sec. DOC 328.22(2)(a) and (b).

[8]Section 967.05(1), Stats.

does not commence a criminal prosecution. Here, as is usual in Wisconsin, the document charging McKinney with being a felon in possession of a firearm was a complaint rather than an indictment. "[A] complaint charging a person with an offense shall be issued only by a district attorney,"[9] unless a judge permits the complaint's filing "if the district attorney refuses or is unavailable to issue" the complaint.[10]

The interval between arrest for possession of a firearm by a felon and the appearance date was not so great as to implicate either sec. 970.01, Stats., or the separate constitutional mandates. McKinney's prosecution for being a felon in possession of a firearm was not authorized by the district attorney until November 5, when the criminal complaint was issued. The complaint was filed, and the arrest warrant was issued, on November 6. McKinney was brought before a judge the very next day, on November 7. This is a "reasonable time" not only under section 970.01, but under the constitution as well.[11] There is neither a statutory nor a common-law mandate that the State immediately or simultaneously commence criminal prosecution for a new crime merely because that crime is also the basis for initiation of parole revocation proceedings. Thus, the trial court was correct.

---

[9]Section 968.02(1), Stats.

[10]Section 968.02(3), Stats.

[11]*Cf. County of Riverside v. McLaughlin,* 500 U.S. —, 111 S. Ct. 1661, 1669-71 (1991) (Persons arrested without a warrant must be brought before judicial officer for a "probable cause" hearing with reasonable promptness, in general within forty-eight hours after arrest.).

Finally, McKinney argues that the trial court erred in not suppressing the weapons found in the search of his automobile. The State has the burden to show the lawfulness of a search by proving that consent was freely and voluntarily given;[12] this must be shown by the totality of circumstances.[13] Here the probation agent and the capitol police, after searching his person, asked McKinney's permission to search his vehicle. McKinney agreed to the search, handing the police officers the keys to his automobile, describing it, and telling them where it was situated in the parking lot. The State showed the voluntariness of the consent to search the automobile under the totality of these circumstances. The trial court's finding that McKinney consented to the search of his vehicle was not clearly erroneous.[14] The trial court was therefore correct in denying suppression of the weapon evidence.

*By the Court.*—Judgment affirmed.

[12]*Bumper v. North Carolina,* 391 U.S. 543, 548 (1968); *State v. Rodgers,* 119 Wis. 2d 102, 114–15, 349 N.W.2d 453, 459 (1984).

[13]*Schneckloth v. Bustamonte,* 412 U.S. 218, 248–49 (1973); *Rodgers,* 119 Wis. 2d at 110, 349 N.W.2d at 457.

[14]Section 805.17(2), Stats.