STATE of Wisconsin, Plaintiff-Respondent,

v.

James Darius JONES, Defendant-Appellant.

Court of Appeals

*No. 92–1599–CR. Submitted on briefs June 3, 1993.—Decided December 21, 1993.*

(Also reported in 510 N.W.2d 784.)

195

For defendant-appellant the cause was submitted on the briefs of *James Darius Jones, pro se*.

For plaintiff-respondent the cause was submitted on the briefs of *James E. Doyle*, attorney general, with *Paul L. Barnett*, assistant attorney general.

Before Wedemeyer, P.J., Sullivan and Fine, JJ.

SULLIVAN, J.    James Darius Jones claims that his trial counsel was ineffective for failing to challenge a police search of his jail locker, failing to question the trial court's jurisdiction over his person, and failing to move for recusal of the trial judge. He demands vacation of his judgment of conviction for armed robbery, *see* sec. 943.32(1)(a) & (2) , Stats., and for felon in possession of a firearm, *see* sec. 941.29(2), Stats. He appeals from this judgment and from an order denying his postconviction motion to vacate the conviction, *see* sec. 974.06, Stats. We determine that counsel was not ineffective in any respect, and accordingly, affirm.

The relevant facts are undisputed. On October 8, 1990, a Shorewood shoe store was robbed. The perpetrator took money and a pair of steel-toed, hightop leather shoes called "Wallabees." On December 14, 1990, while watching a televised criminal proceeding, the owner of the shoe store recognized Jones as the man who had robbed the store. He immediately alerted the police and subsequently identified Jones from a photo lineup.

On January 4, 1991, a police officer accompanied the store owner to the county jail, where Jones was in custody on a charge unrelated to the shoe store robbery. Once at the jail, the officer removed Jones' articles of clothing from a jail locker and the store owner identified Jones' shoes as the shoes stolen during the robbery. The officer then obtained a search warrant and seized the shoes as evidence.

On the same day that the shoes were identified and seized, the State issued a criminal complaint charging Jones with the armed robbery of the shoe store, as well as being a felon in possession of a firearm. The very next day, Jones made his initial appearance in court on those charges. At that time, Jones' attorney

challenged the trial court's jurisdiction on the ground that Jones had been in custody since November 1, 1990, and had not been brought before the court until January 5, 1991. The trial court rejected the jurisdictional challenge, but indicated that counsel could raise the issue again at a later date.[1] Counsel did not raise the issue again.

Judge Jeffrey A. Wagner presided over Jones' jury trial. Out of the presence of the jury, Judge Wagner disclosed to the State, Jones, and Jones' attorney that he was familiar with the location of the store and that he may have visited the store in the past, but that he did not know any of the parties involved. Judge Wagner indicated that he saw no reason to recuse himself from the case. The State, Jones, and Jones' attorney agreed.

The jury convicted Jones on both counts. Jones filed a motion for postconviction relief in which he alleged that he had been denied effective assistance of counsel. The trial court denied that motion.

On appeal, Jones' first contention is that his trial counsel was ineffective for not objecting to the "illegal search" of the locker that occurred before the police obtained the search warrant. Jones' second contention is that his counsel was ineffective for failing to investigate the jurisdictional issue and failing to file a pretrial motion.[2] Jones' final claim of ineffective assistance of counsel is based upon counsel's failure to request that

---

[1] The trial court indicated that the issue was not one that it could decide at that time. Presumably the trial court stated that counsel could raise the issue again to allow for further arguments or briefing of the issue.

[2] Because counsel did raise the issue before the trial court, we presume that Jones faults counsel for his failure to raise the issue a second time.

Judge Wagner recuse himself from the case. We reject Jones' claim of ineffective assistance of counsel and will address each argument in turn.

We reject a claim of ineffectiveness unless counsel's conduct was so deficient that it undermined the adversarial process to the extent that the trial "cannot be relied on as having produced a just result." *Strickland v. Washington,* 466 U.S. 668, 686 (1984). A defendant must establish two components to support a determination of ineffectiveness. First, counsel's performance must have been so deficient that she or he was not functioning as the "counsel" guaranteed by the Sixth Amendment; and, second, the deficient performance must have been prejudicial to the defense, i.e., "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687.

Both *Strickland* components present mixed questions of fact and law on appeal. *State v. Moats,* 156 Wis. 2d 74, 101, 457 N.W.2d 299, 311 (1990). What happened at the trial or what the attorney did or did not do presents factual determinations for the trial court that we will not upset unless clearly erroneous. *Id.* The ultimate conclusion of whether the attorney's conduct resulted in a violation of his client's right to effective assistance presents a legal question to which we accord no deference to the trial court's decision. *Id.*

In scrutinizing the effectiveness of an attorney's performance, this court makes every effort "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at

the time." *Strickland,* 466 U.S. at 689. A strong presumption of effectiveness attends counsel's conduct. *Id.* To overcome this presumption and establish ineffective assistance, a defendant must initially demonstrate "that counsel's conduct fell below an objective standard of reasonableness" under the circumstances as measured against prevailing professional norms. *See id.* at 688.

Based upon the undisputed relevant facts, we conclude that Jones has failed to carry his burden of proving that counsel's performance was deficient. Thus, we do not reach the prejudice component of the two-pronged test for ineffective assistance of counsel. *See Strickland,* 466 U.S. at 697.

## THE SEARCH

Jones argues that the police search of the jail locker, during which the victim identified Jones' shoes, violated his federal and state constitutional rights.[3] Thus, he argues, counsel's failure to investigate the circumstances and to raise and pursue the issue constituted ineffective assistance of counsel. Jones' trial counsel testified at the postconviction motion hearing that he noticed nothing wrong with the procedures of the search, and noted that the police ultimately seized the shoes pursuant to a warrant.

The issue presented by this case is one of first impression in this state—whether an inmate retains any legitimate expectation of privacy in articles viewed by police after arrest and placed in a jail locker. Although this question has not been the subject of appellate review in Wisconsin, authority elsewhere has

---

[3] The officers did not remove the shoes until they obtained a search warrant.

addressed the issue. In the seminal case, *United States v. Edwards,* 415 U.S. 800 (1974), the Court decided that although a legal arrest does not destroy the expectation of privacy of a defendant's "premises," it does, within reasonable limits, subject his privacy interest to the state's superintending interest in weapons, means of escape, and evidence. *Id.* at 808. The Court said:

> [O]nce the accused is lawfully arrested and is in custody, the effects in his possession at the place of detention that were subject to search at the time and place of his arrest may lawfully be searched and seized without a warrant even though a substantial period of time has elapsed between the arrest and subsequent administrative processing, on the one hand, and the taking of the property for use as evidence, on the other. This is true where the clothing or effects are immediately seized upon arrival at the jail, held under the defendant's name in the "property room" of the jail, and at a later time searched and taken for use at the subsequent criminal trial.

*Id.* at 807.[4]

---

[4] In *Edwards,* the evidence was used in the same prosecution for which defendant was arrested. Paint chips at the burglary break-in site matched those found in his clothing. 415 U.S. at 802. Here, the shoes were used in a prosecution different from that ensuing from the arrest. This distinction we deem immaterial because the controlling factor is Jones' expectation of privacy. The court in *United States v. Thompson,* 837 F.2d 673, 674 (5th Cir.), *cert. den.,* 488 U.S. 832 (1988), said:

> A person lawfully arrested has no reasonable expectation of privacy with respect to property properly taken from his person for inventory by the police. Later examination of that property by another law-enforcement officer is, therefore, not an unreasonable search within the meaning of the Fourth Amendment.

We hold that a defendant under lawful arrest has a diminished privacy interest in his personal property that has been inventoried by jail authorities and that a warrantless police search of defendant's property when they have probable cause to believe that it may contain evidence of any crime does not violate defendant's rights guaranteed by U.S. Const. amend. IV and Wis. Const. art. I, sec. 11. Here, trial counsel presumably was aware of the state of the law when he decided not to raise the matter. We conclude that his refusal to pursue an issue of very dubious merit does not constitute deficient performance.

## PERSONAL JURISDICTION

Jones committed his offenses on October 8, 1990. He was not identified or arrested at that time. On November 1, 1990, he was arrested and jailed for other unrelated offenses. Unable to post bond, he remained in jail. He was still in custody on those charges when the shoe store owner identified him on December 14, when the State filed its complaint on January 4, 1991, and when he made his initial appearance on the robbery charge on January 5.

Jones argues that his counsel failed to adequately pursue the challenge to the court's jurisdiction over his person. Jones argues that because he was arrested on November 1, 1990, his appearance on January 5th was tardy and failed to vest the trial court with jurisdiction of his person. Counsel's failure to raise this issue, he asserts, constitutes ineffective assistance of counsel. We reject Jones' position.

Jones bases his argument on sec. 970.01(1), Stats., which provides in part: "Any person who is arrested shall be taken within a reasonable time before a judge

in the county in which the offense was alleged to have been committed." The plain language of the statute belies Jones' position. The cause of the arrest must be the "offense" for which a defendant was arrested, not an offense for which a defendant happens to be in jail.

In *State v. McKinney,* 168 Wis. 2d 349, 352, 483 N.W.2d 595, 596 (Ct. App. 1992), a probation officer placed the defendant in custody pending a probation revocation hearing for possession of a firearm. Approximately two weeks later, and based upon the same incident that led to the probation revocation proceedings, the State obtained an arrest warrant for the defendant for possession of a firearm by a felon in violation of sec. 941.29(2), Stats. *Id.,* 168 Wis. 2d at 352, 483 N.W.2d at 597. The following day, the defendant was brought before the court for his initial appearance. At that time, the defendant challenged the court's jurisdiction over his person, arguing that the arrest warrant was returned in violation of sec. 970.01(1), Stats. We rejected the defendant's argument and explained that, despite the fact that the defendant was taken into custody two weeks earlier for a probation violation, he was not arrested on the criminal charge until served with the arrest warrant. *Id.,* 168 Wis. 2d at 354, 483 N.W.2d at 597. Thus, we concluded that his initial appearance, one day after the arrest, was within a reasonable time as required by sec. 970.01(1), Stats. *Id.,* 168 Wis. 2d at 355, 483 N.W.2d at 598.

Similarly, in the present case, although Jones was in custody for two months before he made his initial appearance on the current charges, he was not arrested on those charges because he happened to be in jail on other charges. Only after his victim by sheer happenstance identified him on television did the State commence this action by filing the criminal complaint

203

on January 4, 1991. The court secured jurisdiction of Jones' person by his appearance in court one day after filing the complaint. The State's duty to bring him before a judge for initial appearance within a reasonable time was fulfilled by the appearance.

█

Counsel presumably was aware of the law. His decision not to pursue a feckless jurisdictional motion could not constitute ineffective assistance of counsel.

## RECUSAL

Out of the presence of the jury, the judge informed the State and defense counsel, *sua sponte,* that he was familiar with the store and its location, but that he did not know the store owner, or the owner's father, who was present in the courtroom. The judge then concluded that it would not be necessary for him to recuse himself. The State agreed. Jones counsel agreed, stating that no difficulty presented itself "because of the fact you may have been in that store fifteen years ago or whatever."[5] The following colloquy occurred:

---

[5] Jones particularly objects to his attorney's reference to the fact that the judge may have been in the store some fifteen years prior to the incident. Jones argues that the trial court never said anything of the sort. While we agree that the record does not indicate the details of Judge Wagner's knowledge of the store and its vicinity, it appears that much of this discussion took place off the record and that the trial court was merely attempting to make a record of a previous off-record discussion. The trial court began by stating:

> The record should also indicate that I addressed both lawyers and the Court informed both counsel — and there's no reason why the Court would recuse itself for this reason — the Court is familiar with the area, familiar with Miller Shoes, and although [the Court] ha[s] not been in the establishment in a long time and doesn't know the party who's testified or his father. . . .

THE COURT: All right. Do you agree with that, sir?

THE DEFENDANT: I don't follow. I don't understand what's going on.

[DEFENSE COUNSEL]: He may have been in the store fifteen years ago.

THE DEFENDANT: Okay, so?

[DEFENSE COUNSEL]: Does that cause you any problems?

THE COURT: Hold it, BJ. Pardon?

THE DEFENDANT: It's no problem.

THE COURT: It's no problem. I just wanted to make sure that I disclosed that. . . .

Jones contends that his counsel rendered ineffective assistance because he failed to pursue the recusal matter. He argues that if counsel had developed facts proving that the judge was a friend of the Millers, he may have been able to show that the judge was partial to them. Jones explains that his response, "It's no problem," meant it was no problem for him, but that it was a problem for the judge. We reject Jones' argument as a combination of vain hope and sophistry.

Section 757.19(2)(g), Stats., provides for judicial disqualification "[w]hen a judge determines that, for any reason, he or she cannot, or it appears he or she will not, act in an impartial manner." The trial judge, on the record, made inquiry about the identity of the complaining witness whom he did not know, and conceded general familiarity with the victim's store and its environs. Ultimately, the trial judge concluded that he did not know any of the parties involved and that there existed no reason for him to recuse himself.

Under sec. 757.19(2)(g), Stats., "the basis for disqualification is subjective, requiring the judge's determination of an actual or apparent inability to act impartially, [therefore] there is no standard to apply on

205

review other than an objective one limited to establishing whether the judge made a determination requiring disqualification." *State v. American TV & Appliance, Inc.,* 151 Wis. 2d 175, 186, 443 N.W.2d 662, 666 (1989); *see also State v. Carviou,* 154 Wis. 2d 641, 646, 454 N.W.2d 562, 564 (Ct. App. 1990) ("[O]nce a trial judge determines that there is no partiality under sec. 757.19(2)(g), his decision on that matter is reviewable only to establish whether the trial judge himself made a determination requiring recusal and failed to heed his finding.").

Here, the judge determined that he knew of the shoe store and its vicinity, but that he did not know any of the individuals involved, including the owner of the store; thus, the trial judge determined that he need not recuse himself from the case. The trial court did not make a determination requiring recusal, and therefore, trial counsel was justified in not challenging the trial court's decision. We reject Jones' claim of ineffective assistance of counsel.

Finally, Jones reiterates all of the above-described "errors" and argues that he deserves a new trial in the interest of justice. Because we have found no merit in Jones' claims, we reject his plea for reversal. *See Mentek v. State,* 71 Wis. 2d 799, 809, 238 N.W.2d 752, 758 (1976).

*By the Court.*—Judgment and order affirmed.