STATE of Wisconsin, Plaintiff-Respondent,

v.

Jason ROLING, Defendant-Appellant.†

Court of Appeals

*No. 94–1586–CR. Submitted on briefs February 3, 1995.—Decided February 23, 1995.*

(Also reported in 530 N.W.2d 434.)

†Petition to review denied.

754

For the defendant-appellant the cause was submitted on the briefs of *Adrienne R. Borisy* of *Borisy & Gross* of Platteville.

For the plaintiff-respondent the cause was submitted on the brief of *James E. Doyle,* attorney general, and *Thomas J. Balistreri,* assistant attorney general.

Before Eich, C.J., Sundby and Vergeront, JJ.

EICH, C.J.   This appeal challenges the constitutionality of § 48.17(1), STATS., which, with stated exceptions, vests jurisdiction in "adult" court over traffic and motor vehicle-related offenses committed by juveniles sixteen years of age and older.[1]

---

[1] The section provides (with certain exceptions that will be discussed in more detail below): "(1) [C]ourts of criminal and civil jurisdiction shall have exclusive jurisdiction in proceedings

In 1992 Jason Roling, while a minor, crashed his car during a high-speed police chase, killing one of his passengers and seriously injuring another. He was charged with one count of knowingly fleeing an officer (resulting in death) and one count of fleeing (resulting in great bodily harm), in violation of §§ 346.04(3) and 346.17(3)(c) and (d), STATS. The charges were assigned to "adult" criminal court as required by § 48.17(1), STATS., and Roling was convicted after pleading guilty to both offenses.

On appeal, Roling asserts two constitutional claims: (1) that § 48.17(1), STATS., is unconstitutionally "vague"; and (2) that it results in an impermissible classification under the equal protection clause. He also argues that we should construe § 48.17(1) as not applying to the statutes under which he was charged and convicted because they were created after § 48.17(1) was enacted.

We conclude that Roling's "vagueness" argument is misplaced and we reject his construction of § 48.17(1), STATS. We also are satisfied that the statute does not deny him equal protection of the law. We therefore affirm the judgment of conviction.

---

against children 16 or older for violations of . . . chs. 341 to 351 . . . ."

The statute further provides that while a juvenile is to be treated as an adult in such cases, the court is free to disregard statutory minimum incarceration periods in the incorporated statutes. The statute also provides that any incarceration of less than six months is to be served in a juvenile detention facility and that incarceration beyond six months is to be determined by the juvenile court pursuant to dispositions available under the juvenile code. Section 48.17(1)(a)-(c), STATS.

## I. Background

In order to better understand Roling's position in the case, some discussion of the history of § 48.17(1), STATS., is in order. For many years, the juvenile court and "adult" civil courts had concurrent jurisdiction over juveniles who violated municipal traffic and motor vehicle-related ordinances. Section 48.17, STATS., 1967. In 1969, the legislature amended the statute to give adult civil and criminal courts exclusive jurisdiction in proceedings against juveniles sixteen and older charged with violating any state, county or municipal traffic or motor vehicle law. Laws of 1969, ch. 469, § 2.

The statute was amended again in 1977 to expressly exclude three specified offenses from civil and criminal court jurisdiction: (1) making false statements in vehicle title applications (§ 342.06(2), STATS.); (2) forging documents relating to insurance or proof of financial responsibility (§ 344.48(1), STATS.); and (3) failing to leave one's name at an accident scene when death, injury or property damage to a vehicle occurs (§ 346.67, STATS.). Laws of 1977, ch. 354, § 29. At the time the statute was amended, these offenses were the only felonies—offenses punishable by imprisonment in the state prison[2]—in the motor vehicle code. Thus, under the 1977 amendment, the juvenile court retained jurisdiction over the three listed felony offenses and "adult" civil and criminal courts had exclusive jurisdiction over all other traffic and motor vehicle-related offenses committed by juveniles sixteen and over.

---

[2] Since then, a fourth offense, § 30.67(1), STATS., has been included in the listed exceptions: failing to leave one's name or render aid at the scene of a boating accident. 1989 Wis. Act 145, § 4.

As to the offenses with which Roling was charged and convicted, until 1985 fleeing or attempting to elude a police officer was a misdemeanor carrying a maximum penalty of one year in the county jail. Sections 346.04(3) and 346.17(3), STATS., 1983-84. The 1985 legislature increased the penalties for a violation of § 346.04(3) under certain circumstances. If the defendant's flight caused death or great bodily harm, the violation became a felony.[3] 1985 Wis. Act 82, § 4.

## II. Vagueness / Statutory Construction

The crux of Roling's vagueness argument is that because the felony offenses with which he was charged were "created" *after* § 48.17(1), STATS., was amended to exclude the three named motor vehicle-related felonies from adult court jurisdiction over juveniles sixteen years of age and older, the statute is unconstitutional because it does not clearly indicate "whether the legislature intended [the 'new' felony offenses] to apply to juveniles."

First, we agree with the State that the statute Roling attacks, § 48.17, STATS., is a procedural, not a penal, statute and thus is not a proper subject for a "void-for-vagueness" challenge. We said in *State v. Dums*, 149 Wis. 2d 314, 324, 440 N.W.2d 814, 817 (Ct. App. 1989), that

---

[3] Section 346.04(3), STATS., defines the offense of fleeing and § 346.17(3), STATS., lists the penalties for the offense. Where the fleeing results in great bodily harm, the maximum penalty is two years in the state prison. Section 346.17(3)(c). Where death results, the maximum is five years. Section 346.17(3)(d). As indicated, Roling was convicted of one count of fleeing resulting in great bodily harm and one count of fleeing resulting in death.

> [a] challenge [to] a criminal statute for vagueness requires that the statute prohibit specific conduct. Section 967.055(2) does not prohibit conduct, but instead regulates the court's procedure for determining whether the prosecutor's application to amend or dismiss the charge should be accepted. Therefore, we need not analyze the void for vagueness argument.

(Citations omitted.)[4] Nor is there anything vague about the fleeing statute or its penalty provisions. Section 346.04(3), STATS., states that no operator of a vehicle "shall knowingly flee or attempt to elude any traffic officer," and § 346.17(3), STATS., simply provides penalties for the violation.

---

[4] The statute at issue in *Dums*, § 967.055(2), STATS., provides that a prosecutor who seeks to dismiss or amend an operating-while-intoxicated charge must apply to the court, stating the reasons therefor, and the court "may approve the application only if [it] finds that the proposed amendment or dismissal is consistent with the public's interest in deterring the operation of motor vehicles by persons who are under the influence of an intoxicant . . . ." The challenge was that the provision was vague because it lacked "a standard to guide the trial court when examining the prosecutor's motion to dismiss or amend . . . ." *State v. Dums*, 149 Wis. 2d 314, 324, 440 N.W.2d 814, 817 (Ct. App. 1989).

We also need not analyze Roling's ancillary argument that § 48.17(1), STATS., is overly broad. A statute is impermissibly broad "when its language, given its normal meaning, is so sweeping that its sanctions may be applied to conduct which the state is not permitted to regulate." *State ex rel. Hennekens v. City of River Falls Police & Fire Comm'n*, 124 Wis. 2d 413, 421, 369 N.W.2d 670, 675 (1985). Section 48.17(1) does not regulate conduct or impose sanctions. It is, as we have noted, a procedural statute directing where prosecution of juveniles for certain traffic crimes is to take place.

■

Second, Roling's argument is not of constitutional proportions but of statutory interpretation: whether, because the 1977 amendment to § 48.17(1), STATS., specifically listed the only three traffic or motor vehicle-related felonies in existence at the time as exceptions to the adult-court jurisdiction rule, the statute is inapplicable to any "new" felonies created after its passage. Roling maintains that because there is nothing in the language of § 48.17(1) itself—or in the language or legislative history of §§ 346.04(3) or 346.17(3), STATS.—to indicate an intent that sixteen-year-old drivers should be tried in adult court for such violations, we must construe § 48.17(1) as inapplicable in such situations.

We begin by noting our disagreement with Roling's argument that § 48.17(1), STATS., is ambiguous. The statute is plain on its face: with only four specifically enumerated exceptions, it gives the adult courts exclusive jurisdiction, both civil and criminal, over prosecutions of juveniles sixteen and older who are charged with violating certain traffic or motor vehicle laws.

Nor do we consider the fact that the legislature did not specifically state in any of these statutes that they were, or were not, to apply to cases involving juveniles sixteen and over as compelling the construction Roling advances. It may be, as Roling suggests, that when the legislature added the felony penalties to § 346.04, STATS., in 1985, it never considered the amendment's effect on § 48.17(1), STATS. However, Roling has not persuaded us that such an oversight requires us to rewrite the statute. "If a statute fails to cover a particular situation, and the omission should be cured, the remedy lies with the legislature, not the courts." *La*

761

*Crosse Lutheran Hosp. v. La Crosse County*, 133 Wis. 2d 335, 338, 395 N.W.2d 612, 613 (Ct. App. 1986).

Beyond that, it is a basic precept of statutory construction that the legislature is presumed to act with full knowledge of existing laws. *State v. Gordon*, 111 Wis. 2d 133, 145, 330 N.W.2d 564, 569 (1983). With that presumed knowledge, the legislature could have added the fleeing statute, § 346.04(3), STATS., to those specifically exempted in § 48.17(1), STATS., had it wished to do so. *Cf. State v. Struzik*, 113 Wis. 2d 245, 248, 335 N.W.2d 432, 433 (Ct. App. 1983) (if legislature, being presumptively aware of other laws it has enacted, had intended a new law not to come under purview of an existing law, it could have so provided).

Roling's argument turns the presumption on its head, for he maintains that the legislature's silence on the point must be construed as an express exemption of the "new" felonies from the grant of limited juvenile traffic offense jurisdiction to the adult courts. The argument presumes that the legislature was *unaware* of the existence of § 48.17(1), STATS., when it amended § 346.17(3), STATS., in 1985 and that, as a result, it must have intended an exclusion it never expressed.

Because a legislature " 'expresses its purpose by words,' " our first resort in construing a statute is to look to what is written in the statute books, not to what is unwritten; our aim in doing so is " 'to ascertain—neither to add nor to subtract, neither to delete nor to distort.' " *State v. Bruckner*, 151 Wis. 2d 833, 844, 447 N.W.2d 376, 381 (Ct. App. 1989) (quoting *62 Cases of Jam v. United States*, 340 U.S. 593, 596 (1951)). We see nothing incomplete or ambiguous in § 48.17(1), STATS., whether considered alone or in conjunction with §§ 346.04 and 346.17, STATS. We cannot

rewrite any or all of these statutes to meet Roling's desired construction.

### III.  Equal Protection

Roling begins this argument, like his others, by emphasizing that the "aggravated" fleeing offenses of which he was convicted—together with another recently created traffic felony, reckless driving causing great bodily harm, § 346.62(4), STATS.—are the only traffic or motor vehicle-related felonies whereby a juvenile can be proceeded against directly in adult court. He claims that because there is no reasonable basis for classifying his offenses as triable in adult court, while the offenses specifically listed in § 48.17(1), STATS., remain in juvenile court,[5] the statute unconstitutionally denies him the equal protection of the law.

■

One challenging the constitutionality of a statute bears "a heavy burden"; and where, as here, the claim is that a legislative classification violates the equal protection clause, the challenger "must prove abuse of legislative discretion beyond a reasonable doubt." *State v. Hart*, 89 Wis. 2d 58, 64, 277 N.W.2d 843, 846 (1979).[6]

---

[5] The juvenile court may, of course, waive its jurisdiction in certain cases, if the conditions specified in § 48.18, STATS., are met.

[6] Roling urges us to "re-examine" *State v. Hart*, 89 Wis. 2d 58, 277 N.W.2d 843 (1979), in which the supreme court sustained an earlier version of § 48.17, STATS.—when it applied to *all* traffic offenses—against an equal protection challenge. First, *Hart* is a supreme court decision which we have no business "re-examining." *See State v. Carviou*, 154 Wis. 2d 641, 644-45, 454 N.W.2d 562, 564 (Ct. App. 1990) (court of appeals is bound by supreme court precedent regardless of the extent of agreement or disagreement with it). Second, as we have noted,

We use a "rational basis" test to evaluate such a challenge: the classification will be upheld if there is any rational basis to support it. *Id.* at 65, 277 N.W.2d at 846.

> [T]he Fourteenth Amendment permits the States a wide scope of discretion in enacting laws which affect some groups of citizens differently than others. . . . State legislatures are presumed to have acted within their constitutional power despite the fact that, in practice, their laws result in some inequality. A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it.

*McGowan v. Maryland*, 366 U.S. 420, 425-26 (1961).

██

The Wisconsin Supreme Court has taken a similar position:

> A legislative classification is presumed to be valid. The burden of proof is upon the challenging party to establish the invalidity of a statutory classification. Any reasonable basis for the classification will validate the statute. Equal protection of the law is denied only where the legislature has made irrational or arbitrary classification. . . . The basic test is not whether some inequality results from the classification, but whether there exists any reasonable basis to justify the classification.
>
> Judicial response to a challenged legislative classification requires only that the reviewing court locate some reasonable basis for the classification

---

the statute has changed since *Hart* was decided, and we agree with the State that, as a result, the case is not controlling on the issue before us.

made. The public policy involved is for the legislature, not the courts, to determine.

*Omernik v. State*, 64 Wis. 2d 6, 18-19, 218 N.W.2d 734, 741-42 (1974) (footnotes omitted).

Applying these principles to the facts of this case, we reject Roling's argument. As we have noted, the felonies that are excluded from adult criminal court jurisdiction under § 48.17(1), STATS., when committed by juveniles sixteen and over, are making false statements in applying for certificates of title, forging an insurance policy or other proof of financial responsibility and leaving the scene of an accident without providing information and assistance. The felonies over which the adult court retains jurisdiction in cases involving juveniles sixteen and over are reckless driving resulting in great bodily harm and fleeing an officer where death or great bodily harm results.

There is no question that the latter offenses are, as the State points out, "inherently dangerous acts which have a direct and highly adverse effect on highway safety." They are, in every sense of the word, traffic crimes.

Nor is there any question that at least the first two of the "juvenile-court" felonies, which involve false statements and forgery, have little if anything to do with highway safety. They are offenses relating to the ownership of motor vehicles and the obligation of vehicle owners to maintain financial responsibility. We have no trouble upholding the legislature's classification of such acts into separate categories under the "any-reasonable-basis" standard.

The third felony, leaving the scene of an accident,[7] is, as the State acknowledges, "a closer call." We are satisfied, however, that the legislature may reasonably classify this offense with the false statement and forgery offenses. The statute defining the offense, § 346.67, STATS., imposes a duty on the operator of any vehicle involved in an accident resulting in death or injury to any person (or damage to any vehicle) to remain at the scene until he or she "has fulfilled [three] requirements": (1) giving his or her name and address and automobile registration number to the other person or persons involved; (2) showing his or her driver's license to the others on request; and (3) rendering "reasonable assistance" to anyone injured in the accident.

Remembering the deference we owe to the policy-making function of the legislature under *McGowan* and *Omernik*, we note first that the primary duty enforced by § 346.67, STATS., is one of providing identification and certain basic information to others involved in the accident to assist in the resolution and recovery of economic and other losses that may have occurred. The thrust of the statute is not, as with the fleeing and reckless driving offenses, highway safety, for the accident has already occurred before the statute comes into play. Rather, it exists so that innocent persons injured in accidents do not go uncompensated, and, of course, to ensure that anyone injured in the accident will be attended to without delay. In that regard, it is similar to the registration and financial responsibility laws, for it regulates a nontraffic, nonhighway-safety-related

---

[7] As noted earlier, the juvenile court also retains jurisdiction over violations of a fourth statute, § 30.67(1), STATS., failing to render aid or leave one's name at a boating accident. Because § 30.67(1) is similar in nature to § 346.67, STATS., we do not address it separately.

function. Additionally, as the State points out, the requirements and sanctions of § 346.67 apply to *any* driver involved in an accident, regardless of fault, dangerous driving or other conduct in connection with the accident.

This is a situation where a set of facts may reasonably be conceived to justify the classification. *McGowan*, 366 U.S. at 425-26. We believe the legislature may rationally treat older juveniles as adults when they cause injury by reckless driving or fleeing, while leaving it to the juvenile court to try offenses involving forging or misrepresenting title or insurance documents and failing to leave one's name at the scene of an accident. The former statutes pertain to highly dangerous conduct directly and substantially implicating considerations of highway safety, while the latter offenses deal with conduct related to nonoperational aspects of motor vehicle ownership such as acquiring title, maintaining financial responsibility and, once an accident has occurred, ensuring that innocent parties receive assistance and information necessary to the mitigation of injury to person or property, or economic loss.

Roling has not carried his burden of proving beyond any reasonable doubt that the classification embodied in § 48.17(1), STATS., and the other sections to which it relates, is irrational or arbitrary.[8]

---

[8] Roling makes a cursory argument that § 48.17(1), STATS., also violates his right to due process of law. He points out that, generally, if a juvenile commits a crime he or she is initially proceeded against in juvenile court and can be waived into adult criminal court only after a hearing on whether juvenile jurisdiction should be waived. He suggests, without citing authority or developing the argument further, that because, under § 48.17

*By the Court.*—Judgment affirmed.

(1), certain traffic offenses—including the offense with which he was charged—are heard in the first instance in "adult" court, he has lost the opportunity to argue to the juvenile court that its jurisdiction should not be waived.

The State correctly notes the rule that when appellate arguments "are not developed themes reflecting any legal reasoning," but are instead "supported by only general statements" and "unsupported by references to legal authority," we generally do not consider them. *State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633, 642 (Ct. App. 1992). Roling's unsupported argument has not persuaded us that § 48.17(1), STATS., violates due process. As the supreme court noted in *Hart*, 89 Wis. 2d at 69 n.14, 277 N.W.2d at 848, "Legislative exclusion of children charged with certain crimes from the jurisdiction of the juvenile justice system is not unusual and challenges to these provisions as violations of due process and equal protection have generally not prevailed."