STATE of Wisconsin, Plaintiff-Appellant,

v.

James STRUZIK, Defendant-Respondent,

MILWAUKEE COUNTY, Intervenor-Respondent.

Court of Appeals

No. 82–1141–CR. Submitted on briefs February 7, 1983.— Decided May 24, 1983.
(Also reported in 335 N.W.2d 432.)

For the appellant the cause was submitted on the briefs of *Bronson C. La Follette,* attorney general, and *Robert D. Repasky,* assistant attorney general.

For the intervenor-respondent the cause was submitted on the brief of *Robert E. Andrews,* principal assistant corporation counsel, of Milwaukee.

Before Foley, P.J., Dean and Cane, JJ.

FOLEY, P.J. The State of Wisconsin appeals an order requiring it to reimburse Milwaukee County for transporting James Struzik from a Minnesota prison to Milwaukee for a hearing on his motion for sentence reduction. Struzik is a state prisoner being held in Minne-

sota as authorized by sec. 46.051, Stats.,[1] because Wisconsin does not have enough prison space. Because sec. 782.45(1), Stats.,[2] requires the county to pay for transporting a state prisoner to court, and because none of the statutes cited by the county relieve it of this responsibility, we reverse the order.

Section 59.31, Stats.,[3] does not shift the expense to the state because the expense is chargeable to the county. The agreement between Wisconsin and Minnesota,[4] as au-

[1] Section 46.051, Stats., provides in part:

The department may enter into one or more contracts with the state of Minnesota for the transfer and confinement in Minnesota of prisoners who have been committed to the custody of the department.

[2] Section 782.45(1), Stats., provides in part:

If an inmate of any public institution is brought into court in response to a writ of habeas corpus or subpoena, the institution shall be reimbursed for the time of the officer conducting the inmate and the actual and necessary traveling expenses incurred in taking the inmate into court on the process and returning the inmate to the institution. . . . The clerk shall certify the expenses to the county treasurer, who shall pay to the superintendent of the institution the amount so certified . . . .

[3] The court ordered the state to pay pursuant to § 59.31, Stats., which provides:

All fees to which sheriffs or their deputies are entitled for attendance required by law upon any court of record shall be paid out of the treasury of the county wherein such services were rendered in the manner that fees of jurors attending such courts are paid; and whenever any such officer is required to perform any service for the state, which is not chargeable to his county or some officer or person, his account therefor shall be paid out of the state treasury.

[4] Section 21 of the "Agreement Between the States of Minnesota and Wisconsin for the Exchange of Prisoners" provides in part:

The Receiving State will deliver at its institution any of said inmates to the proper officials of the Sending State upon demand made to the Receiving State and presentation of official written authority to receive said inmate at the expense of the Sending State.

thorized by sec. 46.051, Stats., merely relieves the State of Minnesota of the cost of transporting Wisconsin prisoners. There is no indication in the agreement or in sec. 53.25, Stats., the Interstate Corrections Compact, that the state intended to relieve Wisconsin counties of their payment obligation under sec. 782.45 (1).

To construe the sec. 46.051 agreement or sec. 53.25 as requiring the state to pay for Struzik's transportation would also create a conflict with sec. 782.45. Conflicts between statutes are not favored, and we will not hold that a conflict exists if the statutes may otherwise be reasonably construed. *See Moran v. Quality Aluminum Casting Co.,* 34 Wis. 2d 542, 553, 150 N.W.2d 137, 142 (1967). We also do not favor an implied repeal of sec. 782.45 (1) by the later enactment of secs. 46.051 and 53.25. *See State v. Zawistowski,* 95 Wis. 2d 250, 264, 290 N.W.2d 303, 310 (1980). By limiting the effect of the sec. 46.051 agreement and sec. 53.25 to allocating the rights and responsibilities of the two states, we avoid a conflict and we avoid repealing sec. 782.45 (1) by implication.

Additionally, the legislature is presumed to know that sec. 782.45 existed when it passed secs. 46.051 and 53.25. *See State ex rel. McDonald v. Circuit Court,* 100 Wis. 2d 569, 578, 302 N.W.2d 462, 466 (1981). If it had intended to make sec. 782.45 inapplicable where a prisoner was held in Minnesota, it could have provided that the state pay transportation expenses.[5]

*By the Court.*—Order reversed.

---

Section 24 provides:

Any and all cost of transportation incurred prior to admission to an institution in the Receiving State, and transportation at the time of, or as an incident to release or discharge, shall be charged to the Sending State.

[5] The Minnesota prison where Struzik was held is actually no farther from Milwaukee than some of Wisconsin's prison camps.