THOMAS A. STARR, District Attorney Chippewa County
You have inquired whether a person arrested pursuant to section968.075, Stats., who has posted bond and who then has contact with the victim in violation of section 968.075 (5)(a) can be arrested without a warrant and detained. I believe the answer to your question is yes.
Section 968.075 (5)(a)1. requires that for the first twenty-four hours after a person is arrested for a domestic abuse incident he or she may have no contact with the alleged victim. Section 968.075 (5)(e) provides: "Notwithstanding s. 968.07, a law enforcement officer shall arrest and take a person into custody if the officer has reasonable grounds to believe that the person has violated par. (a)." Thus, the Legislature has created a mandatory arrest provision for a violation of the no-contact provision.
The question arises for what offense should the person violating the no-contact provision be arrested. A violation of the no-contact provision is a substantive offense in and of itself under section 968.075 (5)(a)2., which provides: "An arrested person who intentionally violates this paragraph shall be required to forfeit not more than $1,000." A violation under this section is thus a state forfeiture action, not a criminal offense. See sec. 778.01, Stats.
A state forfeiture action must be commenced by a summons and complaint under sections 799.05 and 799.06. See 77 Op. Att'y Gen. 270 (1988). To initiate the summons and complaint process, it would be necessary for the investigating officer to forward the incident report to the district attorney or county *Page 178 
corporation counsel who could then issue a summons and complaint if appropriate. In light of the fact that a summons and complaint must be used to commence the state forfeiture under section968.075 (5)(a)2., could an officer still make a custodial arrest for that offense as required by section 968.075 (5)(e)? 1 believe the answer is no.
No procedures for arrest or the officer's duty after arrest in this state forfeiture action appear in chapter 778; one, therefore, next looks to chapter 799. Again, no such procedures are set forth; therefore, one must look to chapters 801 to 847.See also 77 Op. Att'y Gen. 270 (1988). Chapter 818 is entitled "Arrest and Bail." This chapter sets forth the procedure for arrest and bail in civil actions.
Section 818.01 provides that "[n]o person may be arrested in a civil action except as prescribed by this chapter." Section818.02 (1)(b) provides that an arrest of a defendant may be made in an action for fine or penalty. An action under section 968.075
(5)(a)2. would be an action for a penalty. Section 818.03, however, provides that such an order for arrest must be obtained from the court and, pursuant to section 818.04, may only be ordered where it is shown by affidavit that a cause of action exists and that it is one of the type mentioned in section818.02.
If section 968.075 (5)(e) mandates an arrest for a forfeiture violation under section 968.075 (5)(a)2., then it is in direct conflict with chapter 818 since section 818.03 requires an order of arrest from the court in civil actions. Additionally, if such arrest is made for a violation under section 968.075 (5)(a)2., the officer could not bring the defendant before a court or issue a court date since the court only obtains personal jurisdiction in state forfeiture actions with a summons and complaint.
The officer also could not utilize the bail provisions of chapter 818 since the bail authorized to be taken under that chapter is the amount specified by the court in the order for arrest. Sec. 818.06, Stats. Since there is no judicial order for arrest under section 968.075 (5)(e), there is no bail amount set. Additionally, the *Page 179 
Legislature has made no other provisions for bail. Clearly, an officer cannot just hold an individual indefinitely without bail or a court appearance.
"The legislature is presumed to intend to achieve a consistent body of law. In accord with this principle subsequent legislation is not presumed to repeal the existing law in the absence of expressed intent." lA Singer, Sutherland Statutory Construction
§ 23.09 (Sands 4th ed. 1985) (footnotes omitted). Consistent with this principle, if an interpretation of the two conflicting provisions can be made so as to avoid the conflict, such construction should apply. As stated in State v. Struzik,113 Wis.2d 245, 248, 335 N.W.2d 432 (Ct.App. 1983): "Conflicts between statutes are not favored, and we will not hold that a conflict exists if the statutes may otherwise be reasonably construed. [Citation omitted.] We also do not favor an implied repeal of [one section] by the later enactment of [another section]."
Although section 968.075 (5)(e) mandates an arrest if the officer has probable cause to believe the subject has violated section 968.075 (5)(a), that does not say that the arrest must be for a charge under section 968.075 (5)(a)2. In fact, it is clear from the above discussion that requiring an arrest for the civil forfeiture violation would be in direct conflict with chapter 818 which requires that all arrests in civil actions must be pursuant to that chapter.
One must, therefore, determine if the custodial arrest mandated could be for a charge other than section 968.075 (5)(a)2. I believe the suspect could be arrested, consistent with the mandates of section 968.075 (5)(e), for a violation of bail jumping under section 946.49. That statute provides in part:
 (1) Whoever, having been released from custody under ch. 969, intentionally fails to comply with the terms of his or her bond is: *Page 180 
 (a) If the offense with which the person is charged is a misdemeanor, guilty of a Class A misdemeanor.
 (b) If the offense with which the person is charged is a felony, guilty of a Class D felony.
The scenario you describe is that the suspect was initially arrested for a crime under the provisions of section 968.075, posted bond and was released. The suspect subsequently had contact with the victim in violation of section 968.075 (5)(a)1. The release of the defendant for the original arrest was a release pursuant to chapter 969 since the officer's authority to release comes through section 969.07. Section 968.075 (6) provides that a person may be released after an arrest for a domestic abuse incident only if the person agrees to comply with certain conditions. One of those conditions of release is that the individual comply with the no-contact provisions of section968.075 (5)(a)1. Since under your scenario the suspect has now violated the conditions of that release, which was made under chapter 969, I believe that he has violated not only section968.075 (5)(a)2., but also section 946.49.
I conclude, therefore, that if an officer has probable cause to believe the suspect has violated the no-contact provision of section 968.075 (5)(a)1., after being released under chapter 969, the arrest should be for the criminal charge of section 946.49. The general procedures for criminal arrests and release would then apply. This would avoid an interpretation of section 969.075 (5)(e) which would directly conflict with the dictates of chapter 818.
Of course, the district attorney would then have the discretion to proceed on the criminal charge or issue a summons for the civil forfeiture action under section 968.075 (5)(a)2.
A second question raised in your letter is whether an officer may enter the suspect's home to effect the arrest required by section 968.075 (5)(e). The answer will depend on the particular circumstances of each case. Generally, a suspect may not be *Page 181 
arrested in his own home without an arrest warrant unless consent to enter is obtained from one authorized to give consent or unless exigent circumstances and probable cause to believe he is in the home exist. Both exceptions assume that the officer has probable cause to believe the suspect has committed the offense.See Payton v. New York, 445 U.S. 573, 589 (1980); State v.Rodgers, 119 Wis.2d 102, 349 N.W.2d 453 (1984); State v.Drogsvold, 104 Wis.2d 247, 311 N.W.2d 243 (Ct.App. 1981).
DJH:RB *Page 182