# COURT OF APPEALS
## DECISION
## DATED AND FILED

## May 16, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

| | |
|---|---|
| **Appeal Nos. 2023AP1535-CR** | Cir. Ct. Nos. 2019CF922 |
| **2023AP1536-CR** | 2019CF1329 |
| **2023AP1537-CR** | 2019CF1952 |
| **2023AP1538-CR** | 2020CF2427 |

**STATE OF WISCONSIN**

**IN COURT OF APPEALS**
**DISTRICT IV**

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

 V.

ANDRE L. JONES,

   DEFENDANT-APPELLANT.

APPEAL from judgments and an order of the circuit court for Dane County: ELLEN K. BERZ, Judge. *Affirmed*.

Before Kloppenburg, P.J., Graham, and Nashold, JJ.

¶1 GRAHAM, J. Andre Jones appeals the judgments of conviction entered in several criminal cases, as well as the circuit court order denying his postconviction motion.[1] Jones argues that the circuit court erroneously exercised its discretion when it ordered Jones to pay a fine as a condition of probation in one of the cases, and that the court erred as a matter of law when it denied Jones' request for the return of cash that police seized in connection with drug-related charges in another of the cases that was ultimately dismissed.

¶2 We reject Jones' arguments and affirm. In so doing, we observe that Jones' request for the return of the seized property turns on the proper interpretation of WIS. STAT. §§ 961.55, 961.555, and 968.20 (2021-22),[2] which were recently amended by 2017 Wis. Act 211. To support his position on appeal, Jones offers an interpretation of these statutes, and some aspects of Jones' interpretation are reasonable. However, Jones' interpretation is incompatible with a central holding in *State v. Leonard Jones*, 226 Wis. 2d 565, 594 N.W.2d 738 (1999) ("*Leonard Jones*"), a case that preceded the amendments made by Act 211. We lack the power to overrule an opinion from our supreme court, and Jones does not contend—much less develop an argument—that *Leonard Jones* was abrogated by the recent amendments. Therefore, we decline to consider whether *Leonard Jones* was abrogated by Act 211.

---

[1] Pursuant to WIS. STAT. RULE 809.10(3), these cases have been consolidated for briefing and disposition by an order of this court dated November 15, 2023.

[2] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted. As discussed at length below, the 2021-22 version of these statutes reflects amendments that were passed as a part of 2017 Wis. Act 211.

## BACKGROUND

¶3      Jones was charged with multiple felonies and misdemeanors in four circuit court cases.  His attorney negotiated a global plea agreement with the State.  Pursuant to that agreement, Jones pled guilty to certain charges, other charges were dismissed and read in at sentencing, and yet other charges were dismissed outright.

¶4      The first issue on appeal pertains to the fine that Jones was ordered to pay as a part of his sentence in case No. 2019CF1952, which we refer to as the firearm case.   In that case, Jones pled guilty to one count of possession of a firearm by a felon, and another count of first degree recklessly endangering safety was dismissed pursuant to the plea agreement.  During sentencing, the parties jointly asked the circuit court to stay Jones' sentence on the firearm charge and place him on probation, but they disagreed about whether Jones should be ordered to serve jail time as a condition of probation.  Ultimately, the court sentenced Jones to a term of initial confinement and extended supervision, stayed that sentence, and placed Jones on probation.  Additionally, the court ordered Jones to pay a $2,000 fine in lieu of conditional jail time.[3]  The court determined that the fine would be paid out of a $2,500 bail that had been posted by Jones' sister, and that Jones would owe his sister that amount.  We discuss the facts related to this

---

[3] The sentencing transcript reflects the circuit court's decision to impose a $2,000 fine, and Jones and the State have both referred to the fine by that amount throughout the subsequent proceedings and on appeal.  However, we observe that the judgment of conviction in the firearm case, No. 2019CF1952, lists the fine as a different amount, $2,540.

3

sentence and the court's exercise of sentencing discretion in greater detail in the discussion below.

¶5 The second issue on appeal pertains to items that the police seized in conjunction with a search of Jones' vehicle and residence. The search led to the criminal charges in case No. 2020CF2427, which we refer to as the drug case. During the search, police seized items including marijuana, cocaine, a digital scale, and $6,100 in cash that police located in Jones' safe. The State charged Jones with possession of less than five ounces of cocaine with intent to deliver, among other charges. Ultimately, all of the charges in the drug case were dismissed pursuant to the global plea agreement. The possession with intent to deliver count was dismissed outright, and the remaining counts (simple possession and bail jumping) were dismissed and read in for purposes of sentencing.

¶6 At sentencing, Jones' counsel represented that Jones was not a drug dealer, and that he had not been selling drugs. Regarding the cash that had been seized at his residence, counsel represented that Jones had been setting money aside during the pandemic, and that he kept the money in the safe at his residence rather than depositing it at a bank because he was concerned that the banks would close. Counsel commented that "[t]he money was taken," and that, as far as she knew, "they are not returning that money to him," which was in itself "a huge punishment" for Jones.

¶7 At the close of the sentencing hearing, Jones' counsel again raised the issue of the $6,100 that had been seized in the search of Jones' residence. Without citing any statute as authority, counsel asked: "Would you consider returning that to Mr. Jones?" The circuit court responded that, to its recollection,

"any motion for return of that property had to have been filed something like 120 days from initial appearance." The prosecutor cited WIS. STAT. § 968.20, and agreed with the court's understanding about the timing for a motion under that statute. The prosecutor also argued that, had Jones made a timely motion for the return of the seized cash, the State would contest it. To that end, the State would have the burden to prove that "there was a logical nexus between the amount of cash seized and the unlawful activity, the controlled substances." The court declined to consider Jones' request on the ground that it was untimely.[4]

¶8 Jones filed a postconviction motion, in which he raised the two issues that are the subject of this appeal. The circuit court held a postconviction hearing and issued a written decision denying the motion. Jones appeals.

## DISCUSSION

### I. The Fine in the Firearm Case (No. 2019CF1952)

¶9 As discussed, the first issue pertains to the circuit court's sentencing decision in the firearm case, and in particular, the court's decision to impose a $2,000 fine in lieu of jail time after learning that Jones' sister had posted a $2,500

---

[4] The circuit court referred to the 120-day deadline as a matter that affected the court's "jurisdiction," but as this court recently clarified, the 120-day deadline is instead a matter of the court's competency. *State v. Pleuss*, No. 2021AP1504-CR, unpublished slip. op. ¶10 n.4 (WI App Aug. 25, 2022). We cite this authored, unpublished opinion for its persuasive value. *See* WIS. STAT. RULE 809.23(3)(b).

Separately, the parties agree that the charges, dispositions, and sentences in the two other circuit court cases, Nos. 2019CF922 and 2019CF1329, are not directly pertinent to the issues in this appeal. We discuss them no further except as needed to explain the details of the circuit court's exercise of sentencing discretion in the firearm case.

5

bond. The objectives of sentencing include "the protection of the community, punishment of the defendant, rehabilitation of the defendant, and deterrence to others." *State v. Gallion*, 2004 WI 42, ¶40, 270 Wis. 2d 535, 678 N.W.2d 197. On appeal, we review a circuit court's sentencing decision based on the erroneous exercise of discretion standard. *State v. Vesper*, 2018 WI App 31, ¶9, 382 Wis. 2d 207, 912 N.W.2d 418 (citation omitted). We apply "a strong presumption" that the court reasonably exercised its discretion. *Id.*, ¶10 (citation omitted). It is the defendant's burden to show that the sentence is unjustified or unreasonable. *Id.*

¶10 We begin by providing additional background. As mentioned, the parties agreed that the court should stay Jones' sentence in the firearm case and place him on probation, but they disagreed about whether Jones should be ordered to serve any jail time as a condition of his probation. More specifically, the prosecutor asked the court to impose 12 months of conditional jail time, arguing that jail time was needed for punishment and deterrence. By contrast, Jones' counsel asked the court to consider community service, rather than jail, as a condition of probation. According to counsel, Jones had already been punished, in part by the seizure of $6,100 in cash during the search that led to the charges in the drug case, and he had taken responsibility for his conduct. Counsel argued that, if Jones was ordered to serve time in jail, there would be no one to care for his young children and Jones, who was gainfully employed, would lose his job. Jones also spoke at sentencing. In his comments, he expressed contrition and asked the court to decline to impose conditional jail time because it "doesn't benefit anybody"— Jones would lose his job, his kids would lose a father, and "[y]ou guys would lose somebody that's contributing to society" and "the economy."

6

¶11     After the circuit court imposed a prison sentence, stayed it, and placed Jones on probation, the court made comments that suggested it was considering imposing conditional jail time.  The court turned to costs and surcharges, indicating that it would "waive whatever costs and surcharges" it could, with the remainder due to the clerk of courts.  The court then said, "[O]h, there is bond.  There's a $2,500 cash bond posted.  Hang on to that thought.  I'll come back to that in just a moment."  At that point, the court went on to withhold sentence and impose probation for the charges in another of the cases (No. 2019CF922).

¶12     The circuit court then stated:  "Mr. Jones, if you aren't thinking of your children when you're committing these offenses, I'm not going to think of them when I'm sentencing you.…  If you're not thinking of your job when you're committing these offenses, you cannot be asking me to think about how it's going to affect your job at sentencing."  Instead, the court observed, the "question" is "what will impact you and what will have a negative effect."  The court asked who had posted the bond, and was told that it had been posted by Jones' sister.  The court then said:  "All right.  This is what I'm going to do.  [In the firearm case], I'm going to impose a $2,000 fine, take it out of the bond, take the court cost for that case out of the bond.  The remainder will go back to [the sister] and you owe her that money."  The court then returned its attention to case No. 2019CF922, ordering 30 days of community service as a condition of Jones' probation in that case.

¶13     The circuit court explained its reasons for imposing the $2,000 fine in the firearm case and 30 days of community service in case No. 2019CF922 as follows:  "I'm going to do [the community service] and the fine rather than the jail

7

time. So I'm not going to impose the one year in the Dane County Jail that's recommended, and rightfully so, by [the prosecutor]."

¶14 As noted, Jones filed a postconviction motion, in which he argued that the circuit court imposed the fine "based solely on the fact that" Jones' sister had posted a cash bond, and that the decision to impose the fine was an erroneous exercise of discretion. Jones renews these arguments on appeal.

¶15 We conclude that the circuit court did not erroneously exercise its discretion in imposing a $2,000 fine. To be sure, it appears from the transcript that the court may have first considered imposing a fine in lieu of conditional jail time after the court learned that a $2,500 cash bond had been posted. However, even if the idea to impose a fine was sparked by the court's realization that a bond had been posted, Jones does not persuade us that this causal chain of events constitutes an erroneous exercise of sentencing discretion.

¶16 First, Jones does not cite any legal authority for the proposition that a circuit court errs by considering the resources available to the defendant, including the availability of a cash bond, when imposing a sentence. Indeed, the case law appears to point in the opposite direction. *See State v. Ramel*, 2007 WI App 271, ¶13, 306 Wis. 2d 654, 743 N.W.2d 502 (a fine is a "substantially different form of sentence than incarceration," and "can be a useful sentencing alternative, particularly when incarceration or rehabilitation is unnecessary or when, because of the financial resources of the offender, a fine may have a deterrent effect"); *see also Will v. State*, 84 Wis. 2d 397, 404-405, 267 N.W.2d 357 (1978) ("the deterrent effect of a fine depends in part upon its impact on the financial resources of the offender," and courts are "encouraged … to determine

8

the defendant's ability to pay at the time of sentencing"). Imposing a fine "that an offender has the ability to pay may satisfy sentencing objectives the trial court has found to be material and relevant to the particular defendant." *Ramel*, 306 Wis. 2d 654, ¶14.

¶17    Second, the circuit court provided its reasons for imposing the fine at sentencing, and it elaborated on those reasons in its order denying Jones' postconviction motion. Specifically, the court determined that some sanction was needed for punishment and deterrence, and that a fine (coupled with community service) could serve those purposes. This rationale is apparent from the sentencing transcript, and the court reinforced its rationale in its order denying the postconviction motion. In that order, the court explained that, consistent with Jones' position at sentencing that the court should find an alternative to jail time, it decided to impose the $2,000 fine along with community service as alternatives to the year of conditional jail time that the State was recommending. The court further explained that it did not find community service alone to be sufficient, and it considered the fact of Jones' employment along with the existence of the cash bond when determining that Jones had the ability to pay a fine. We conclude that the circuit court's express reasons for imposing the fine are reasonable, and do not constitute an erroneous exercise of discretion.

¶18    Jones does not expressly challenge the adequacy of the circuit court's determination about his ability to pay the fine. *See id.*, ¶¶15, 18-19 ("it is … necessary that a sentencing court determine at the time of sentencing whether a defendant has the ability to pay a fine if the court intends to impose one"). Jones may be arguing that the circuit court erroneously considered his sister's resources when imposing the fine, rather than limiting its consideration to Jones' own

resources. If Jones is making that argument, he does not support it with authority, and we reject it because it is both undeveloped and unpersuasive. *See State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992) (a court need not consider arguments that are unsupported by legal citations or are otherwise undeveloped). Jones had a history of gainful employment and was employed at the time of sentencing, and he specifically argued that the court should decline to impose jail time so that he would be able to maintain his employment. The court directed Jones to repay his sister for the bond she posted, and Jones does not make any argument that he would be unable to do so over time, given that the court's sentence would allow him to maintain his employment.

¶19 Based on the entire record, we conclude that the circuit court's discretionary decision to impose the fine was specifically calculated to impose an appropriate punishment for Jones' multiple crimes, while at the same time keeping Jones out of jail, which would allow him to maintain his employment and care for his children. We conclude that the court appropriately exercised its discretion based on the particular facts here.

**II. The Property Seized in Connection with the Drug Case (No. 2020CF2427)**

¶20 The second issue pertains to the circuit court's denial of Jones' request for the return of the cash that was seized from his safe in connection with the drug case. As mentioned, the court denied Jones' request under Wis. Stat. § 968.20(1) on the ground that Jones did not file a motion for its return within that subsection's 120-day deadline. As discussed in greater detail below, Jones argues that his request is not governed by § 968.20(1), and that he has not forever lost the right to seek the return of the property by failing to file a motion within

10

§ 968.20(1)'s deadline. Jones does not clearly identify any other statutory mechanism in § 968.20 that would require the State to return the property. He instead argues that recent legislative amendments to other related statutes were incorporated into § 968.20, and that those amendments require that the cash be returned because Jones was not convicted of any crime in the drug case.

¶21 Whether Jones is entitled to the return of the property presents an issue of statutory interpretation, which is a question of law. *Nowell v. City of Wausau*, 2013 WI 88, ¶19, 351 Wis. 2d 1, 838 N.W.2d 852. When interpreting a statute, we begin with its language, which we read "in the context in which it is used; not in isolation but as part of a whole; in relation to the language of surrounding or closely related statutes[;]" and consistent with its purpose. *State ex rel. Kalal v. Circuit Ct. for Dane Cnty.*, 2004 WI 58, ¶¶45, 46, 48, 271 Wis. 2d 633, 681 N.W.2d 110.

¶22 We also examine the history of the statute, and case law interpreting the statute, when determining the meaning of its words. *Force v. American Fam. Mut. Ins. Co.*, 2014 WI 82, ¶31, 356 Wis. 2d 582, 850 N.W.2d 866. As pertinent here, prior judicial interpretations of a statute are considered in an analysis of the statute's meaning. *See Nowell*, 351 Wis. 2d 1, ¶21. This is so because "[l]egislative inaction following judicial construction of a statute, while not conclusive, evinces legislative approval of the interpretation." *State v. Sanders*, 2018 WI 51, ¶52, 381 Wis. 2d 522, 912 N.W.2d 16 (citation omitted). This is especially true "when other provisions within the same section are amended without affecting the provision at issue." *Id.*

11

¶23     WISCONSIN STAT. § 968.20 sets forth a procedure for filing a motion for the return of seized assets. *Leonard Jones*, 226 Wis. 2d at 586 (interpreting the provisions of § 968.20 (1995-96)). The parties appear to agree that, consistent with the *Leonard Jones* opinion that we discuss at length below, Jones is limited to the return remedies in § 968.20. As discussed, § 968.20(1) provides a 120-day deadline for filing such motions. Jones did not file any such motion, and there is no other provision in § 968.20 besides subsec. (1) that expressly requires the State to return seized property under any circumstances.

¶24     Jones nevertheless argues that the provisions in WIS. STAT. § 968.20 should be considered in light of amendments that 2017 Wis. Act 211 made to two related statutes. That legislation, which we refer to as "Act 211," amended § 968.20 as well as WIS. STAT. §§ 961.55, 961.555, and other statutes that govern asset forfeiture in Wisconsin. Jones points to commentary and publicity from the time that Act 211 was passed, which suggested that, as a result of Act 211's reforms, the State can no longer retain property it seizes as a part of a criminal investigation unless the owner is convicted of a crime related to the seized property.[5] As we understand Jones' argument, he contends that the "substantive

---

[5] Specifically, Jones points to press releases from the Wisconsin Institute for Law and Liberty, Americans for Prosperity-Wisconsin, Right on Crime, and Wisconsin ACLU, and an article from the Washington Post. *See* Wisconsin Institute for Law & Liberty, *Bill Safeguards Civil Liberties, Increases Transparency* (Feb. 20, 2018), https://will-law.org/will-testifies-civil-forfeiture-reform/; *See* Americans for Prosperity, *AFP-WI Applauds Gov. Walker for Signing Civil Asset Forfeiture Reform* (Apr. 3, 2018), https://americansforprosperity.org/press-release/afp-wi-applauds-gov-walker-for-signing-civil-asset-forfeiture-reform/; Right on Crime, *Wisconsin Enacts Asset Forfeiture Reform* (Apr. 30, 2018), https://rightoncrime.com/wisconsin-enacts-asset-forfeiture-reform/; ACLU Wisconsin, *Civil Asset Forfeiture Reform Bill Moves Forward in Wisconsin* (Jan. 21, 2016), https://www.aclu-wi.org/en/news/civil-asset-forfeiture-reform-bill-moves-forward-wisconsin/; Christopher Ingram, *In Wisconsin, Authorities Now Have to Convict You of a Crime Before They Can Take Your Cash*, WASHINGTON POST, (Apr. 5, 2018), https://www.washingtonpost.com/news/wonk/wp/2018/04/05/in-wisconsin-authorities-

(continued)

protections" that the legislature added to §§ 961.55 and 961.555 are incorporated into § 968.20. He makes this argument even though the legislature, which amended other aspects of § 968.20, did not add those substantive protections to § 968.20.

¶25 We begin by summarizing the pertinent terms of WIS. STAT. § 968.20, on the one hand, and WIS. STAT. §§ 961.55 and 961.555, on the other, and in so doing, we point out some key changes that Act 211 made to these statutes. We then evaluate Jones' arguments about the proper interpretation of § 968.20. As we explain, although some aspects of Jones' interpretation are reasonable in light of the text of these three statutes as amended by Act 211, his interpretation conflicts with a central holding in *Leonard Jones*, 226 Wis. 2d 565. We ultimately conclude that Jones' interpretation of § 968.20 cannot be reconciled with *Leonard Jones*, and that he is not entitled to the return of his property unless that case has been overruled or abrogated. We lack the power to overrule *Leonard Jones*, and Jones does not argue that it was abrogated by Act 211—to the contrary, he argues that *Leonard Jones* remains good law.

---

now-have-to-convict-you-of-a-crime-before-they-can-take-your-cash/. As one example, Americans for Prosperity-Wisconsin interpreted Act 211 to "require[] that property or money be seized and forfeited only from persons convicted of a crime related to the seizure." *See* Americans for Prosperity, *AFP-WI Applauds Gov. Walker for Signing Civil Asset Forfeiture Reform* (Apr. 3, 2018), https://americansforprosperity.org/press-release/afp-wi-applauds-gov-walker-for-signing-civil-asset-forfeiture-reform/.

We cite these sources here to capture the character of Jones' argument, but in so doing, we do not mean to suggest that they would be a proper focus for interpreting the statute.

### A. WISCONSIN STAT. § 968.20

¶26    WISCONSIN STAT. § 968.20 is part of a statutory chapter addressing the "Commencement of Criminal Proceedings."  As mentioned, it sets forth a procedure for asking a circuit court to order the return of seized property. Subsection (1) authorizes such applications, and subsec. (1g) sets forth the notice and hearing requirements as well as the substantive standards that a court must consider when ruling on a request for the return of seized property filed under subsec. (1).

¶27    WISCONSIN STAT. § 968.20(1) provides, in pertinent part, that "[a]ny person claiming the right to possession of property … seized pursuant to a search warrant or seized without a search warrant … may apply for its return to the circuit court for the county in which the property was seized[.]"  Subsection (1) further provides that, "[i]f an initial appearance under [WIS. STAT. §] 970.01 is scheduled,[6] the application for the return of the property shall be filed within 120 days of the initial appearance."  This latter provision, which we refer to as the "120-day deadline," was added by Act 211.

¶28    WISCONSIN STAT. § 968.20(1g), in turn, provides that the circuit court "shall order" the return of property "other than contraband"[7] if "the right to

---

[6] WIS. STAT. § 970.01 governs initial appearances in criminal proceedings.

[7] In addition to excluding contraband, the statute also excludes other types of property specifically identified in other statutory provisions that are inapplicable here.  *See* WIS. STAT. § 968.20(1g) (excluding items of property covered under WIS. STAT. §§ 968.20(1m), (1r), 173.12, and 968.205).  These additional exceptions are not relevant to the issues in this case, and we discuss them no further.

possession is proved to the court's satisfaction" and the court makes other findings that are not at issue here. Act 211 did not amend the substantive standards of § 968.20(1g) in any way that is directly relevant to Jones' arguments on appeal. That is, the legislature did not add any provision to § 968.20(1g)—or in any other subsection of § 968.20, for that matter—that requires the State to return seized property if the owner is not convicted of a crime.

¶29 There is a separate subsection of WIS. STAT. § 968.20 that allows law enforcement to return certain property without the requirement of a hearing. Section 968.20(2), which was not altered by Act 211, provides: "Property not required for evidence or use in further investigation, unless contraband or [other types of property not at issue here], may be returned by the officer to the person from whom it was seized without the requirement of a hearing." On its face, § 968.20(2) allows officers, in their discretion, to return certain types of seized property under certain circumstances, but it does not mandate that the State return any property under any circumstances.[8]

## B. WISCONSIN STAT. §§ 961.55 and 961.555

¶30 The two other statutory sections that are featured in the parties' arguments are WIS. STAT. §§ 961.55 and 961.555. These two sections, which are part of the "Uniform Controlled Substances Act," set forth a procedure by which a district attorney may obtain a "judgment of forfeiture." *See* §§ 961.55(1g),

---

[8] We generally presume that use of the word "may" in a statute confers discretion on an actor, but does not mandate any particular act. *See, e.g.*, **State v. Matasek**, 2013 WI App 63, ¶9, 348 Wis. 2d 243, 831 N.W.2d 450. Jones cites WIS. STAT. § 968.20(2) in his appellate briefing, but he does not argue that this presumption is overcome here.

§ 961.555(1).[9] As used in this context, a civil judgment of forfeiture is a judgment entered in a civil proceeding that allows the State to retain certain property that is suspected of being linked to the commission of a crime, including property that was seized pursuant to a search conducted by law enforcement. *See* § 961.55(2)(a) (addressing property seized in a search authorized by a warrant or in a warrantless search incident to an arrest).[10]

¶31    WISCONSIN STAT. § 961.55 specifically identifies the types of property that can be subject to a forfeiture judgment, and WIS. STAT. § 961.555 sets forth the procedures for obtaining a forfeiture judgment. On their face, §§ 961.55(3) and 961.555(2) place the onus on the district attorney to initiate a forfeiture proceeding, and § 961.55(3) provides that seized property must be returned to its owner if it is not forfeited. Specifically, § 961.55(3) provides: "In the event of seizure [of property subject to forfeiture], proceedings under sub. (4) shall be instituted promptly," and "[a]ny property seized but not forfeited shall be returned to its rightful owner."

¶32    In contrast to WIS. STAT. § 968.20, discussed above, WIS. STAT. §§ 961.55 and 961.555 expressly require a criminal conviction as a prerequisite to the entry of a forfeiture judgment. *See* §§ 961.55(1g), 961.555(6). These two

---

[9] In addition to these sections in WIS. STAT. ch. 961, WIS. STAT. ch. 973 contains two provisions, §§ 973.075 and 973.076, that set forth a parallel process by which a district attorney may initiate a forfeiture proceeding related to property seized as part of a criminal investigation that is not covered by the Uniform Controlled Substances Act. These sections, which were also amended by Act 211, are not directly relevant to the issues here, and we address them no further.

[10] Act 211's amendments also created a criminal forfeiture provision, pursuant to which a circuit court may order property forfeited to the State as part of a criminal case. *See* WIS. STAT. § 961.555(2m). That provision is not implicated in this case, and we discuss it no further.

provisions, which were both added by Act 211, are unambiguous on this point. Section 961.55(1g) provides: "A judgment of forfeiture may not be entered under this chapter unless a person is convicted of the criminal offense that was the basis for the seizure of the item or that is related to the action for forfeiture." And § 961.555(6), titled "Return of Property," provides:

> The court shall order the return of any property subject to forfeiture under [WIS. STAT. §§] 961.55 to 961.56 within 30 days of the acquittal or dismissal of charges for the offense which was the basis of the forfeiture action, or 6 months after a seizure which was the basis of the forfeiture action if no charges have been issued and no extension has been granted.…

### C. Jones' Interpretation of WIS. STAT. § 968.20

¶33    The parties appear to agree that the statutes that govern forfeiture proceedings, WIS. STAT. §§ 961.55 and 961.555, are not directly applicable to this case because the district attorney has not initiated a forfeiture proceeding with regard to the cash that was seized from Jones' residence. Instead, the parties agree that WIS. STAT. § 968.20 governs Jones' request. This agreed-upon position is consistent with one of the holdings in *Leonard Jones*—as discussed at greater length below, that case unequivocally held that, if the State does not initiate a forfeiture action under WIS. STAT. ch. 961 (1995-96), the provisions of that chapter are not "triggered," and "a person claiming the right to property seized by the authorities is limited to the procedures set forth in § 968.20" (1995-96). *Leonard Jones*, 226 Wis. 2d at 569.

¶34    Despite acknowledging that his request is governed by WIS. STAT. § 968.20 and despite failing to file a timely motion under § 968.20(1), Jones nevertheless argues that his cash must be returned to him. According to Jones,

17

neither the procedure in § 968.20(1) nor its 120-day deadline apply to his request. Instead, Jones interprets § 968.20(1) as setting forth a limited procedure by which the owner of the seized property can obtain its return on a conditional basis during the pendency of the criminal investigation and any criminal and forfeiture proceedings. Jones further argues that, although he did not take advantage of the pretrial return procedure in § 968.20(1), he did not forever lose the right to seek the return of the property once the investigation and proceedings were over.

¶35 Although Jones argues that he is entitled to the return of the property under WIS. STAT. § 968.20 following the dismissal of all charges in the drug case, he does not identify any mechanism in § 968.20 besides subsec. (1) that actually requires the State to return seized property. He instead appears to be arguing that some of the provisions that Act 211 added to WIS. STAT. §§ 961.55 and 961.555 should be read into § 968.20, including the provisions in §§ 961.55(1g) and 961.555(6) that require a criminal conviction as a prerequisite to a judgment of forfeiture. He argues that § 961.55(3) requires that property "seized but not forfeited" must be "returned to its rightful owner."

¶36 In summary, as we understand it, Jones interprets WIS. STAT. § 968.20 and WIS. STAT. §§ 961.55 and 961.555 as setting forth a comprehensive scheme that governs all seized and forfeited property in Wisconsin. He further interprets Act 211's amendments as requiring that, if the State wants to permanently retain property it seizes, the district attorney is required to initiate forfeiture proceedings under § 961.555 (or the other forfeiture statute, WIS. STAT. § 973.076).

¶37  At least some aspects of Jones' interpretation are reasonable when compared to the text of the three statutes. There are several provisions in WIS. STAT. §§ 968.20 and 961.55, all of which were added by Act 211, which could reasonably be interpreted to contemplate that §§ 968.20, 961.55, and 961.555 work together as a comprehensive scheme governing seized property, and which collectively require the State to initiate forfeiture proceedings before it is entitled to permanently retain seized property. Additionally, the text of these provisions could reasonably be interpreted to contemplate that § 968.20(1) functions as an interim pretrial mechanism through which seized property can be returned to its owner on a conditional basis, even though the seized property is related in some way to a pending criminal investigation or a pending criminal case. *See, e.g.,* §§ 961.55(1k), 968.20(1h), (1g).[11]

---

[11] More specifically, WIS. STAT. § 961.55(1k) provides that "[a] person who has been subject to a seizure of property has a right to a pretrial hearing under [WIS. STAT. §] 968.20." And § 968.20(1g)(a) identifies the findings that a circuit court must make at the pretrial hearing, before ordering property to be returned under § 968.20. These findings include that "[i]t is likely that the final judgment will be that the state must return the property to the claimant and the property is not reasonably needed as evidence or for other investigatory reasons or, if needed, satisfactory arrangements can be made for its return for subsequent use." A court can also order the return of property under § 968.20(1g)(am) if "[t]he property is the only reasonable means for a defendant to pay for legal representation in the forfeiture or criminal proceeding," and if "the property is not likely to be needed for payment of victim compensation, restitution, or fines, and the property is not reasonably needed as evidence or for other investigatory reasons."

Turning to WIS. STAT. § 968.20(1h), that subsection provides that, "[i]f a court orders property returned under sub. (1g), the court shall order the person not to sell, transfer, assign, or otherwise encumber the property until the court orders the property returned under [WIS. STAT. §§] 961.55(3) or 973.075(5), forfeited under [§§] 961.555 or 973.076, or subject to restitution under [§] 973.20." And § 968.20(1h) provides that, "[i]f the person is subsequently convicted of or found to have committed the offense, the court shall order the person to surrender the returned property for proceedings under [the forfeiture statutes] or for restitution[.]"

19

These interpretations also find support in the legislative history related to Act 211.[12]

---

[12] For example, the Wisconsin Legislative Counsel Amendment Memo that summarized the then-current statutes and the amendments proposed in the bill and the substitute amendment that became 2017 Wis. Act 211 explained:

> **Current law** does not specifically require a court to return property if there is an acquittal or dismissal of charges for the offense that was the basis for the forfeiture. As noted [in a section of the memo that addresses WIS. STAT. § 968.20], current law allows a person to apply for the return of property, and one circumstance in which the application may be granted is if all proceedings in which it might be required have been completed.
>
> **The bill** requires a court to order the return of any property within 30 days of acquittal or dismissal of charges for the offense that was the basis for the forfeiture.
>
> **The substitute amendment** maintains this requirement, and specifies that a court must also order the return of any property if [certain charging deadlines added by the bill] and any extensions have expired.

Margit S. Kelley, Senior Staff Attorney, *Wisconsin Legislative Council Amendment Memo: 2017 Senate Bill 61*, at 2-3 (Feb 21, 2018).

Likewise, a separate Legislative Counsel Act Memo that summarizes the changes made by Act 211 includes a section captioned "Return of Property Pending Final Judgment." That section, which refers to WIS. STAT. § 968.20(1), provides:

> The Act revises the provisions for a person whose property has been seized *to apply for the use of the property while the forfeiture action is pending*, and expressly states that a person has a right to a hearing under those provisions.…
>
> For procedural timelines, if an initial appearance is scheduled after arrest, the Act requires a person to apply for return of seized property within 120 days of the initial appearance.…

Margit S. Kelley, Senior Staff Attorney, *Wisconsin Legislative Council Act Memo: Asset Forfeiture*, at 2 (Apr. 16, 2018) (emphasis added).

¶38   However, as we now explain, Jones' interpretation cannot be reconciled with a central holding in *Leonard Jones*. This matters because we are supposed to assume that the legislature was aware of existing law when it passed new legislation. *State v. Yakich*, 2022 WI 8, ¶35, 400 Wis. 2d 549, 970 N.W.2d 12. We do not have the power to overrule *Leonard Jones*, and Jones does not develop an argument that the aspects of *Leonard Jones* that are discussed below were abrogated by Act 211.

### D.  The *Leonard Jones* Decision

¶39   In *Leonard Jones*, 226 Wis. 2d at 570-72, a police officer arrested the defendant for an OWI-related offense and, during a search incident to the arrest, the officer seized drug paraphernalia and cash that the officer believed to be related to an illegal drug transaction. The defendant was charged with drug-related offenses, *id.* at 572, but those charges were eventually dropped, *id.* at 573, and the district attorney never initiated a forfeiture proceeding related to the cash that had been seized. The defendant filed a motion seeking the return of his property pursuant to the return provision in the forfeiture statute, WIS. STAT. § 961.55(3) (1995-95). *Id.* at 576 n.8.

¶40   At that time, the pertinent language of WIS. STAT. § 961.55(3) (1995-96), which required that property "seized but not forfeited" be returned to its owner, was identical to the current version of § 961.55(3). Likewise, the pertinent language of WIS. STAT. § 968.20(1) (1995-96) was substantially the same as the current version of that statute (except that it did not include the 120-day deadline that is currently included in § 968.20(1)). Thus, like the current version of the statute, § 961.55(3) (1995-96) appeared to put the onus on the

21

district attorney to initiate a forfeiture proceeding if the State intended to retain property that was seized by law enforcement, while § 968.20(1) (1995-96) appeared to put the onus on the owner of the same property to seek its return.

¶41     The *Leonard Jones* court was asked to interpret the then-existing versions of WIS. STAT. §§ 968.20, 961.55, and 961.555 (1995-96), and to determine whether the defendant could obtain the return of his seized property based on the return provision in § 961.55(3) (1995-96).  The defendant argued that the return provision of § 961.55(3) (1995-96) should apply because, as part of the Uniform Controlled Substances Act, it was more specific to his situation than the return provisions of § 968.20 (1995-96).  *Leonard Jones*, 226 Wis. 2d at 575-76.

¶42     The *Leonard Jones* court did not see it that way.  The court observed that district attorneys enjoyed significant discretion on "whether to initiate forfeiture proceedings or not." *Id.* at 583.  And, as mentioned, the court determined that WIS. STAT. § 961.55(3) (1995-96) was "triggered" only if a district attorney initiated a forfeiture proceeding and then failed to obtain a forfeiture judgment. *Id.* at 585.  By contrast, the court determined, if the district attorney declined to initiate a forfeiture action, "a person claiming the right to property seized by the authorities [was] limited to the procedures set forth in WIS. STAT. § 968.20 [(1995-96)]." *Id.*

¶43     We glean the following from the analysis in *Leonard Jones*.  If the State declined to initiate a forfeiture proceeding under WIS. STAT. ch. 961 (1995-96), then owners of seized property could only recover their property pursuant to the return procedure in WIS. STAT. § 968.20 (1995-96).  And the provisions in ch. 961 (1995-96) that governed forfeiture proceedings were entirely separate

22

from the return procedure found in § 968.20 (1995-96). Thus, by implication, any protection for property owners found in ch. 961 (1995-96), including the provision in WIS. STAT. § 961.55 (1995-96) that required property "seized but not forfeited" to be returned to its rightful owner, did not apply in a proceeding governed by § 968.20 (1995-96).

¶44 Provided that these aspects of *Leonard Jones* remain good law, we are bound to conclude that Jones is not entitled to the return of the cash that was seized at his residence. As stated, Jones concedes that, per *Leonard Jones*, he is limited to the return provisions in WIS. STAT. § 968.20. And, apart from the provisions of § 968.20(1), which Jones contends are inapplicable, there is no other provision in § 968.20 that requires the State to return seized property under any circumstance.

¶45 Jones appears to recognize that there is no return provision in WIS. STAT. § 968.20 that affirmatively requires the State to return his property following the dismissal of criminal charges. However, he argues that, based on the rationale of *Leonard Jones*, "the substantive protections" that Act 211 added to WIS. STAT. ch. 961 should also be read into § 968.20. We disagree for at least two reasons.

¶46 First, reading language into WIS. STAT. § 968.20 would run counter to basic principles of statutory interpretation. The legislature specifically amended § 968.20 when it enacted Act 211 but it did not add these substantive protections to § 968.20 when it enacted Act 211, and we generally do not read language into a statute that the legislature itself did not see fit to add. *See State v. Matasek*, 2013 WI App 63, ¶9, 348 Wis. 2d 243, 831 N.W.2d 450; *see also State v. Struzik*, 113

Wis. 2d 245, 248, 335 N.W.2d 432 (Ct. App. 1983) (the legislature is presumptively aware of other laws it has enacted, and the amendments it makes to one statute should not be read to change other statutes unless the legislature so provides); *Sanders*, 381 Wis. 2d 522, ¶52 ("Legislative inaction is more indicative of acquiescence to prior judicial interpretation when other provisions within the same section are amended without affecting the provision at issue.").

¶47 Second, we reject the argument that *Leonard Jones* requires us to read the substantive protections of the forfeiture statutes into WIS. STAT. § 968.20. Indeed, as we have just explained, the *Leonard Jones* opinion actually declined to read a provision in WIS. STAT. § 961.55(3) (1995-96) that protected property rights into the return procedure found in § 968.20 (1995-96).

¶48 In support of a contrary conclusion, Jones cites to a different portion of the *Leonard Jones* opinion, but his argument is unpersuasive. The cited portion of *Leonard Jones* addresses which party should bear the burden of proof under WIS. STAT. § 968.20(1) (1995-96) to establish whether seized property constitutes "contraband," and what that burden of proof should be. *Leonard Jones*, 226 Wis. 2d at 594-95. The answers to those questions were not specified by the text of § 968.20(1) (1995-95). *Id.* at 595. The State argued, without opposition from the defendant, that the court should "place the same burden of proof on the [S]tate" in a proceeding under § 968.20(1) (1995-96) as the State would have in a forfeiture proceeding under WIS. STAT. ch. 961 (1995-96), and that doing so would "remove any incentive a prosecutor may have to never use … the forfeiture statute." *Id.* at 594. The *Leonard Jones* court placed the burden on the State to prove that seized property was contraband by the greater weight of the credible evidence—the same burden it has in forfeiture proceedings—but it is not

24

at all clear that the court reached that conclusion based on the policy rationale advanced by the State. *See id.* at 595. Instead, the court appeared to rely on general rules of civil and criminal procedure. *Id.* In any event, the court's analysis on this topic is not reasonably extrapolated into a general principle that "the substantive protections" in ch. 961 "must also apply to § 968.20," as Jones asserts.

¶49    For all of these reasons, we reject Jones' argument that he is entitled to the return of his property under WIS. STAT. § 968.20. Before concluding our analysis, we briefly reflect on our conclusion that the arguments Jones advances are incompatible with *Leonard Jones*.

¶50    At the time *Leonard Jones* was decided, some justices opined that the majority's statutory interpretation was "strained." *See id.* at 608 (A.W. Bradley, J., dissenting); *see also id.* at 600, 602 (Prosser, J., concurring in the mandate but expressing reservations about the majority's statutory interpretation). Some aspects of *Leonard Jones* may be even more strained now, in light of Act 211's amendments to the pertinent statutes. Jones contends that Act 211 was intended to mandate that the State obtain a criminal conviction before it could permanently retain property that is allegedly related to a crime. If our conclusions here are correct and district attorneys in Wisconsin can thwart any such mandate by simply declining to initiate forfeiture proceedings in the first instance, then the reforms intended by Act 211 could be substantially undermined.

¶51    Even so, *Leonard Jones* is the law of the land and we are bound to apply it, unless it has been overruled or abrogated. *See Cook v. Cook*, 208 Wis. 2d 166, 189-90, 560 N.W.2d 246 (1997). This court does not have the power to

25

overrule cases from our supreme court. *Id.* And Jones does not argue that Act 211 abrogated the central holding in *Leonard Jones* that we have discussed. *See, e.g.*, *State ex rel. Hensley v. Endicott*, 2001 WI 105, ¶13, 245 Wis. 2d 607, 629 N.W.2d 686 (providing that court decisions may be abrogated by a subsequent statutory amendment). At most, Jones argues that "the law on asset forfeiture in Wisconsin was substantially different" when *Leonard Jones* was decided, and that "Act 211 changed the game." Yet, Jones does not cite any cases that address the abrogation of prior court interpretations of statutes, much less apply the legal standards that govern such arguments to the law at issue in this case. In the absence of a developed argument from Jones on this point, we decline to consider whether the legislature abrogated the holding of *Leonard Jones* when it passed Act 211. *See Pettit*, 171 Wis. 2d at 646.

*By the Court.—*Judgments and order affirmed.

Not recommended for publication in the official reports.

26